## James E. Pinkham *vs.* Inhabitants of Topsfield.

In an action on the Gen. Sts. *c.* 44, § 22, for an injury alleged to have been received through a defect in a highway which the defendant town was bound to keep in repair, the evidence tended to show that the place alleged to be defective was covered with smooth and slippery ice, upon a steep and springy hillside, where the road sloped not only in the direction of its course, but across it from one side to the other. *Held*, that the defendants had no ground of exception to instructions which authorized the jury to return a verdict for the plaintiff only in event of their finding that there was some special reason for the formation of ice in that particular locality owing to the construction or condition of the road, that the ice there formed rendered the highway unsafe, and that but for such defect the injury to the plaintiff would not have happened.

In an action on the Gen. Sts. *c.* 44, § 22, for an injury received through a defect in a highway which the defendant town was bound to keep in repair, the objection that the defect had not existed twenty-four hours at the time of the accident cannot be taken for the first time at the argument in this court of a bill of exceptions which does not show that any such question was raised at the trial.

TORT on the Gen. Sts. *c.* 44, § 22, for injuries alleged to have been received by the plaintiff through a defect in a highway which the defendants were bound to keep in repair. Trial, and verdict for the plaintiff, in the superior court, before *Putnam*, J., who allowed a bill of exceptions substantially as follows:

" The plaintiff testified that he was employed to carry a load of furniture, weighing about a ton, on a wagon drawn by two horses abreast, from Boston to Topsfield; that he started with the load from Boston on the morning of February 3, 1869, and arrived in Topsfield, at the place of the injury, about three o'clock in the afternoon; that in descending River Hill, in Topsfield, he

came to ice; that the wagon load pressed upon his horses, and the wagon began to slue on the ice, and continued to slue until he was thrown out and injured; that it was all ice for thirty or thirty-five rods from the time he began to slue till he went over at a point near what was called the Delta, at the foot of the hill," as shown on a plan which was introduced in evidence on the trial and made a part of the bill of exceptions; " that the road down the hill was slanting to the right, (and the further he got down the more it was slanting,) and was very steep the whole length of the hill; that the wagon slued clear round square, and brought the horses so that he could not manage them; that the hill sloped more to the right than it did in a straight line, and the right hand side going down was so much lower than the left hand side as to cause the slueing; and that the ice caused the wagon to slue. Evidence was also offered by the plaintiff to show that this was a springy hill; that the road was springy on its upper or left hand side, going down the hill; that there was at this time a bank of snow along this side, filling up the gutters; and that the water would work out from this bank, in the middle of the day, and run across the road. The testimony was conflicting as to the condition of the road by reason of the ice, both as to the existence and the extent of it; but it was not contended by the plaintiff that the accident would have happened had it not been for his wagon slipping on the ice, and he contended. that the existence of the ice constituted a defect which would make the town liable.

" The judge, in charging the jury upon this point, instructed them that a way was not necessarily defective because it was slippery by reason of ice; that if a road was properly constructed the mere existence of smooth and slippery ice upon it, arising from natural causes and the usual effects of the climate, and not formed into ridges and heaps so as to create an obstruction, would not constitute a defect which would make a town liable; but if there was some special cause for the formation of ice in that particular locality, owing to the construction or condition of the road, it would be a defect, if it rendered the way unsafe and dangerous, though it was only smooth and slippery,

which the evidence showed that it was, calling their attention to the evidence tending to show such special cause, as herein-before recited.

" There was also evidence tending to show that, when the wagon first came upon the ice, and began to slue, the horses started, and ran down the hill as far as the Delta at the foot of the hill, and there the wagon was turned over upon or near to the Delta; and that the plaintiff lost the control of the horses when they started as aforesaid, and did not regain it until the wagon was upset; though the evidence was conflicting on these points.

" The defendants, upon this evidence, requested the judge to instruct the jury as follows: 1. If the plaintiff did come upon ice in the manner attempted to be proved, and the load pressed upon the horses so that he could not manage them, and there-upon his wagon slued upon ice thirty to thirty-five rods, as stated by him, he not being able to control the horses, and the wagon finally slued so as to hit the Delta, appearing on the plan outside the travelled way, and turned over, and the ice in the road was smooth and even, and not otherwise dangerous but from its presenting a slippery surface, and the road was not otherwise defective or out of repair, then the plaintiff cannot recover. 2. If the plaintiff's horses became unmanageable in consequence of the load coming upon ice, not otherwise danger-ous but that it was smooth and slippery, and ran down the hill and came upon the Delta and turned over upon or near to it, the plaintiff cannot recover, even if the Delta, being outside of the travelled path, was five or six inches above the level surface of the road and covered with smooth and slippery ice; nor if, the horses being so unmanageable, the wagon slued on the ice, and came upon a sideling slope, and finally hit the Delta and went over.

" The judge so instructed the jury, but with this qualifica-tion: Unless the jury found that the ice, upon which the plain-tiff first came, and without which the plaintiff testified that the accident would not have happened, constituted a defect, under the previous ruling which he had just given, by reason of the

existence of a special cause for its formation, on account of the construction or condition of the road."

*J. C. Perkins & W. Gaston,* for the defendants. 1. This case does not raise the question whether those circumstances, in the construction or condition of the road, assumed to have been favorable to the existence of ice in it, were in themselves defects; nor any question respecting ice in heaps or ridges forming obstructions; but presents only the question whether the existence of even and smooth ice in a highway is a defect merely because it is unsafe and dangerous in consequence of being slippery. The judge ruled that it would not be a defect, if it was formed or arose from natural causes; but would be a defect, if there was something in the construction or condition of the road creating a special cause for the formation of ice in that locality. The defendants contend that there is no valid distinction of this kind. If the ice was a defect at all, it was a defect whatever might be the cause of its existence. So if it was not in itself a defect, no cause for its formation could render it one. *Stanton* v. *Springfield,* 12 Allen, 566. *Hutchins* v *Boston,* Ib. 571 note. *Johnson* v. *Lowell,* Ib. 572 note. *Luther* v. *Worcester,* 97 Mass. 268. *Nason* v. *Boston,* 14 Allen, 508.

2. The true question we take to be this : Was the ice so situated on the place in question; was it of such a character, so dangerous; and had it been there such a length of time; that the town ought, in reason, under all the circumstances, to have removed it before the plaintiff came upon it ? This question is for the jury. *Hall* v. *Lowell,* 10 Cush. 260. *Shea* v. *Lowell,* 8 Allen, 136. *Payne* v. *Lowell,* 10 Allen, 147. *Stanton* v. *Springfield,* 12 Allen, 566, 569. And the defendants submit that a jury would not be warranted in finding that it was a defect for which the town is liable under the circumstances assumed. See *Stanton* v. *Springfield,* and other cases first cited.

3. Critically examined, the judge's ruling did not leave open for the jury the question whether this ice was formed from any special cause, but only whether there was a special cause for the formation of ice in that locality, without regard to whether this ice was formed from it or not; nor did it leave open for the jury

whether the ice had not been formed there within twenty-four hours. If the distinction attempted to be made by the judge were otherwise the true one, it would need the qualifications that this particular ice was formed from the special cause, and that it had existed twenty-four hours, without which qualifications the ruling was defective and tended to mislead.

4. The case does not suggest that the springy nature of the hill was something which the town ought to have or could have removed; nor that the snow bank on the side of the road was one which the town ought to have or could have removed; nor that the town could have taken any effectual measures to guard against the effects of either the springs or this snow. And there seems to be no reason why a town should be liable for the effects of springs which flow up through the surface of the ground than for those of rain which falls down on the surface.

5. The first instruction requested assumes that there was no defect in the road beyond the mere existence of smooth, even and slippery ice upon it. The ruling was, that this would not be a defect unless there existed a special cause for its formation in the construction or condition of the road. Taken in connection with the request, this must mean a construction or condition which did not constitute a defect or want of repair.

6. The second instruction requested assumed that the horses started and became unmanageable merely because the load came upon ice, not dangerous except from being smooth and slippery; and that they then ran down the hill, and struck against an object outside of the travelled path, and turned the wagon over, and did the damage. This assumption leaves as the point for consideration, only whether the ice the load first came upon constituted a defect. If it did not, then the fact that the horses became unmanageable and ran down the hill renders it unimportant to consider whether there were defects in the road below the point where they became unmanageable. *Davis* v. *Dudley*, 4 Allen, 557. *Titus* v. *Northbridge* 97 Mass. 258. *Horton* v. *Taunton*, Ib. 266 note. *Fogg* v. *Nahant*, 98 Mass. 578. *Cook* v. *Charlestown*, Ib. 80.

*G. A. Somerby & I. H. Wright*, for the plaintiff.

GRAY, J.   This court has held that the mere fact that a high-way, of no unusual slope or construction, is slippery by reason of a smooth coating of ice, from whatever cause arising, does not constitute a defect or want of repair, for which a city or town is liable, under the highway act.   *Stanton* v. *Springfield,* 12 Allen, 566.   *Hutchins* v. *Boston,* Ib. 571 note.   *Nason* v. *Boston,* 14 Allen, 508.   *Stone* v. *Hubbardston,* 100 Mass. 49.   *Gilbert* v. *Roxbury,* Ib. 185.   *Billings* v. *Worcester,* 102 Mass 329.

But in delivering the judgment of the court in the leading case of *Stanton* v. *Springfield,* Mr. Justice Hoar said, " There is no question that a way may be defective or out of repair, within the meaning of the statute, by reason of ice or snow upon it."   And after mentioning, by way of illustration, cases less like the present, in which snow and ice might be obstructions to travel, he proceeded, " A way may be defective by being so improperly constructed as to induce a special or constant deposit of ice in a particular locality.   It may be built at such an angle, and so exposed to the formation of ice, as to make passing over it in winter especially and usually dangerous.   In all of these cases, it will be for the jury, under proper instructions, to decide, as a question of fact, whether the way is properly made and kept in proper repair."   12 Allen, 569, 570.

In this case, we are all of opinion that the rule thus declared was stated to the jury in terms of which, as applied to the facts in proof, the defendants have no cause to complain.   The evidence introduced tended to show that the place alleged to be defective was upon a steep and springy hillside, where the road sloped not only in the direction of its course, but across it from one side to the other ; and the instructions given to the jury called their attention particularly to the evidence, and did not authorize them to return a verdict for the plaintiff, unless they found that there was some special reason for the formation of ice in that particular locality, owing to the construction or condition of the road, that the ice there formed rendered the highway unsafe and dangerous, and that but for such defect the injury to the plaintiff would not have happened.

It does not appear from the statement, in the bill of exceptions, of the evidence and the instructions given and requested, that any question was made at the trial of the time during which the defect had existed. *Exceptions overruled.*