## ANDREW FITZGERALD *vs.* INHABITANTS OF WOBURN.

In an action against a town for injuries resulting to a traveller from slipping and falling on an icy sidewalk, there was evidence tending to show that, where the plaintiff fell, a gutter led from a building, gradually narrowing and deepening towards the curbstone; that the sidewalk had a gradual slope towards the gutter for the purpose of carrying off the surface water; that the water dropped and flowed from the building upon the sidewalk and gutter, so that in winter there was usually ice there; and that there was no other way in which the water could flow from the building to the street except over the spot where the plaintiff fell. *Held,* that this evidence would warrant a jury in finding that there was a defect in the highway.

Tort on the Gen. Sts. *c.* 44, § 22, for injuries resulting to the plaintiff from slipping and falling on the sidewalk of a highway which the defendants were bound to keep in repair, in front of the Central House, a hotel in Woburn. Trial in this court before *Ames,* J., who with consent of the parties reported the case before verdict for the determination of the full court; judgment to be entered for the defendants if the plaintiff's evidence, as reported, was insufficient to warrant a verdict for him; otherwise the case to stand for trial. The material facts are stated in the opinion.

*A. R. Brown,* (*E. A. Alger* with him,) for the plaintiff.

*T. H. Sweetser & W. S. Gardner,* for the defendants.

GRAY, J.   The only question argued upon this report is whether the evidence is sufficient to warrant a jury in finding a defect in the highway.

This court, while holding that mere slipperiness of a sidewalk, of no unusual slope or construction, by reason of a coating of ice of substantially uniform thickness, from whatever cause arising, is not a defect or want of repair, for which a city or town can be made liable in damages, has also held that a sidewalk, constructed of such form and slope as naturally and usually to induce such a collection or formation of ice as to be peculiarly dangerous to passengers, may constitute such a defect.   *Stanton* v. *Springfield,* 12 Allen, 566, 569.   *Billings* v. *Worcester,* 102 Mass. 329.   *Pinkham* v. *Topsfield,* 104 Mass. 78.   *Street* v. *Holyoke,* 105 Mass. 82.

The evidence introduced at the trial of the present case tended to show that at the place at which the plaintiff slipped and fell there was a gutter leading across the sidewalk from the hotel to the street, gradually narrowing and deepening towards the edgestone ; that the sidewalk was also made with a gradual slope towards this gutter for the purpose of carrying off the surface water ; that water dropped from the overhanging roof of the piazza, and flowed from another gutter by the side of the hotel, upon this sidewalk and gutter, in such a manner that in winter there was usually more or less ice there ; and that no other means had been provided, and no other way existed, by which any of such water could be conducted from the hotel to the street, except by flowing over the spot upon which the plaintiff fell.   We are all of opinion that whether, under these circumstances, the form and construction of the gutter and sidewalk was such as to make the highway, with the ice formed thereon, defective and dangerous at this spot, was a question to be submitted to the jury.                                           *Case to stand for trial.*