## LAURA E. BLAKE *vs.* CITY OF LOWELL.

Middlesex.   Nov. 17, 1886.—Jan. 7, 1887.   HOLMES & GARDNER, JJ., absent.

At the trial of an action against a city for an injury caused by an alleged defect in a highway, there was evidence that a police officer, on the day before the injury, made an entry, stating the existence of the defect, in a book kept in the building of the city government for the use of the superintendent of streets, and in which complaints relating to defects in streets were entered.   There was also evidence that, in consequence of such complaints, the superintendent had repaired defects. *Held*, that the evidence was admissible for the purpose of showing that the city had had reasonable notice of the existence of the defect.

In an action against a city for an injury occasioned by ice on a sidewalk, the defendant asked the judge to rule that the origin of the ice was not material on the question whether the ice constituted a defect.   The judge, who tried the case without a jury, found that the ice was a defect, without reference to its

origin; and ruled that the origin of the ice was material on the question whether it constituted a defect which might have been remedied. *Held,* that the defendant had no ground of exception.

TORT for personal injuries received by reason of an alleged defect upon a sidewalk at the corner of Kirk Street and Merrimack Street in Lowell, consisting of an accumulation of ice and snow. Trial in the Superior Court, without a jury, before *Mason, J.,* who allowed a bill of exceptions, in substance as follows:

Albert E. Libby, a police officer of the defendant city, was called by the plaintiff, and testified that, about four o'clock on the afternoon of Saturday, December 27, 1884, the day before the alleged injury was received, upon the book below described he made the following entry: "Sidewalk at the corner of Kirk and Merrimack streets in a bad condition; snow and ice not removed. December the 27th, 1884."

It appeared in evidence that this book had been kept in the office of the city messenger of the city of Lowell, in the city government building, for the use of the superintendent of streets, from the year 1871 until after the date of this injury, and that police officers and others during that time had entered therein notices of defects in the streets and sidewalks, and that the superintendent of streets had, in consequence of such notices, repaired the defects. The book had printed headings on each page, in this form: "Streets, Sidewalks, and Sewers. Complaints. When attended to."

It also appeared that the corner of Kirk Street and Merrimack Street was a round corner, and in sight of, and only a few feet distant from, the city government building.

The book, with the above-mentioned entry in it, was produced, on notice from the plaintiff, and, against the objection of the defendant, was admitted in evidence.

It appeared in evidence that the ice and snow alleged to be a defect were accumulated in the vicinity of a conductor extending from the eaves of a building abutting on the sidewalk to a gutter across the sidewalk. The defendant requested the judge to rule that the origin of the ice was not material on the question whether the ice constituted a defect.

The judge found for the plaintiff, and with the finding filed the following finding and ruling: "The court finds that the ice

on which the plaintiff fell was a defect, without reference to its origin; but rules that the origin of the ice is material on the question whether it constituted a defect which might have been remedied, and declines to rule as requested by the defendant that the origin of the ice is not material on the question whether the ice constituted a defect. If by ' a defect,' in the ruling requested, is meant a defect for which the city is responsible, the ruling requested is in conflict with that made as above; if a more limited ruling was intended, the question does not arise upon the facts."

The defendant alleged exceptions.

*G. F. Lawton & J. J. Pickman*, for the defendant.

*W. H. Anderson*, for the plaintiff.

DEVENS, J. The city of Lowell was responsible for the defect in its highway only if it had reasonable notice thereof, or, by the exercise of reasonable care and diligence on its part, might have had such notice. Pub. Sts. c. 52, § 18. Such notice may be given to its officials, and the reasonable care and diligence which must be exercised are to be exercised by them. The book which was admitted in evidence was kept in the office of the city messenger, in the city government building, and had been thus kept from 1871 until after the time of the injury, which was of recent date. The printed headings on its pages indicated that it was kept for the purpose of entering complaints as to the condition of the streets, sidewalks, &c., and of recording the time when such complaints were attended to. It was in evidence that the superintendent of streets had, in consequence of similar notices, repaired defects complained of. The object with which the book was kept apparently was that the city should receive notice of defects. Upon this book a policeman of the defendant city had entered a notice of the defective condition of the sidewalk on the day before the occurrence of the plaintiff's injury, and it was properly admitted in evidence upon the question of notice. Whether the defect was the same, and the place of the injury the same, as that pointed to by the entry recorded, were to be determined as facts. It does not appear, as the defendant contends, that the book was admitted as evidence of the condition of the way at the time it was made. The actual condition of the way was proved by other evidence, and no further weight

appears to have been given to the. book than that derived from its bearing upon the question of notice.

The defendant requested the court to rule " that the origin of the ice " by which the defect was occasioned " was not material on the question whether the ice constituted a defect; " but as the court, the case being tried without a jury, found as a fact " that the ice on which the plaintiff fell was a defect, without reference to its origin," that is, independently of the manner in which it was occasioned, this request of the defendant was immaterial. We do not intend to intimate that, even if material, the request should have been granted, especially in view of the St. of 1877, *c.* 234, § 2, (Pub. Sts. *c.* 52, § 18,) which renders a town or city liable only for an injury or damage through a defect " which might have been remedied, or which damage or injury might have been prevented by reasonable care and diligence." *Billings* v. *Worcester,* 102 Mass. 329. *Fitzgerald* v. *Woburn,* 109 Mass. 204. *Rooney* v. *Randolph,* 128 Mass. 580. *Hayes* v. *Cambridge,* 136 Mass. 402. *Post* v. *Boston,* 141 Mass. 189. *Olson* v. *Worcester,* 142 Mass. 536.  *Exceptions overruled.*