ABBY ADAMS *vs.* INHABITANTS OF CHICOPEE.

Hampden.   September 25, 1888. — October 18, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Exceptions — Personal Injuries — Defect in Sidewalk — Smooth, Level,
and Slippery Ice.*

If smooth, level, and slippery ice is formed upon the surface of a sidewalk, or in
depressions therein, by reason of its improper construction or of its condition,
a defect may be found to exist such as will render a town liable for injuries
caused by falling upon it.

At the trial of an action to recover for injuries so caused by falling upon such an icy
sidewalk, the plaintiff's counsel argued to the jury that recovery might be had
if the fall was upon such ice so formed, and afterwards reasserted his claim in
the same terms, in reply to a question by the presiding judge during the charge.
The judge in his instructions to the jury gave full instructions on this branch
of the case, stating among other things the substance of the plaintiff's claim,
and at the close of the charge the plaintiff excepted generally to so much there-
of as related to such ice so formed. *Held,* that the exception was well taken.

TORT for personal injuries occasioned to the plaintiff by a
defect in a sidewalk of a street in the defendant town.   Trial in
the Superior Court, before *Barker,* J., who allowed a bill of ex-
ceptions, which, so far as material, was as follows.

The plaintiff was injured, in the month of January, by falling
upon ice upon the sidewalk, which was four feet wide, covered
by asphalt, or concrete, laid upon the soil, without curbing on
either side, and was constructed by the defendant town.   There
was evidence tending to show that the soil at the edge of the
concrete walk, on either side, was higher than the walk, so that
water did not flow off; that, at the point where the plaintiff fell,
there was a depression in the surface of the concrete walk, to the
depth of from one and a half inches to two inches and three
quarters at the deepest point, and running out to a level with the
rest of the walk in a distance of three or four feet in length and
two feet in width, and that water was collected and held there,
·by reason of the conditions stated, whenever rain fell, or snow
or ice thawed; that the sidewalk sloped; so that the water
flowed off the same, except such as was retained by the alleged
hollows and depressions in the concrete, and by the soil on
either side of it; that, at the time of the alleged injuries, the

water over the sidewalk and in the depression was frozen; and that the surface of the ice was smooth, level, and slippery.

The bill of exceptions recited, that "the plaintiff made no specific requests for instructions, but in the argument to the jury her counsel claimed that it was competent for the jury to find the walk defective, because of the formation of ice upon it, produced by such a condition of the surface of the walk, and of the higher edges, and of the general level of the walk being lower than the land on either side, as caused water to be collected and held upon it in the depressions, and over other parts of the walk, and the water was formed into ice, with smooth, level, and slippery surface; and during the charge, in reply to an inquiry from the presiding judge, asserted such claim."

Upon this branch of the case the judge instructed the jury, among other things, as follows:

"The mere fact that a sidewalk of no unusual slope or construction is slippery by reason of a smooth coating of ice, from whatever cause arising, does not constitute a defect. That is, a smooth coating of ice upon a sidewalk of no unusual slope or construction, even if that ice comes to be there by reason of the freezing of water that stands on it, without outlet, still, if it has no unusual slope in its make, or nature of construction, so as to make it peculiarly dangerous, then the walk will not be defective merely because its construction is such that, in the usual action of the elements, ice forms upon it when freezing weather comes, when there is water upon the walk. The freezing of smooth, level ice does not constitute a defect in any way, and the fact that there are such hollows or basins in the sidewalk as to make them fill with level water which cannot pass off, and that level water freezes, if it freezes into smooth, level ice, does not constitute a defect in the way. But, on the other hand, if the slope, or construction, or formation of the sidewalk is such as to induce the formation upon any portion, or part of it, of masses of ice, which, by reason of their shape, or angle of inclination, are peculiarly dangerous, or more than ordinarily dangerous, having something added to them more than the mere quality of level, smooth, slippery ice, then the fact that the conformation of the sidewalk is such as to produce that kind of masses of ice upon it would constitute a defect. For instance,

you take a sidewalk which is a level, or substantially level sidewalk; if there is in it some depression where water stands, if the nature of the construction of the sidewalk is such that the water merely stands level, and when it freezes, it freezes into a smooth, level expanse of ice, that does not constitute a defect. . . .

" So, if there was a formation of the sidewalk tending to make ice that was bulgy, hummocky, and uneven, or in any such shape as to make the travelling over it of a person using due care unusually dangerous and difficult, beyond the travelling over smooth, level ice, then that formation of sidewalk would be sufficiently defective to render a town or city liable. If you find that there was such a formation of this sidewalk as to produce merely, in the natural and ordinary operation of things, smooth, level ice, then that formation would not be a defect."

At the end of the charge, the plaintiff's counsel excepted to so much of the charge as related to smooth, level, and slippery ice not being a defect under the conditions named in the charge.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*G. D. Robinson,* for the plaintiff.

*G. M. Stearns,* (*W. W. McClench* with him,) for the defendant.

KNOWLTON, J.   At the trial of this case, there was evidence tending to show that the concrete walk upon which the plaintiff fell was of such construction, or was in such condition, as to retain water in a hollow or basin upon it, and so, in freezing weather, to cause the formation of smooth, slippery ice.

Upon this part of the case the jury were instructed that " the freezing of smooth, level ice does not constitute a defect in any way, and the fact that there are such hollows or basins in the sidewalk as to make them fill with level water which cannot pass off, and that level water freezes, if it freezes into smooth, level ice, does not constitute a defect in the way."   Also, that if they found " that there was such a formation of this sidewalk as to produce merely, in the natural and ordinary operation of things, smooth, level ice, then that formation would not be a defect."   " The plaintiff's counsel excepted to so much of the charge as related to smooth, level, and slippery ice not being a defect under the conditions named in the charge."

It is strenuously argued for the defendant, that the exception was too general, and that it is not open to the plaintiff to call in question these instructions. There may be cases in which an exception taken in this form would not sufficiently indicate to the presiding judge the particular parts of his charge which were objected to, nor give him the opportunity which ·he ought to have to correct an error, if, upon his attention being called to it, he found that he had made one. But in this case we are of opinion that the statement in relation to the legal propositions which were intended to be excepted to, was well understood by the presiding judge and the defendant's counsel. The exceptions show that the plaintiff's counsel contended, in his argument to the jury, that the town would be liable for an accident happening upon smooth, slippery ice, formed under the conditions afterwards referred to in the quoted parts of the charge. The substance of the plaintiff's contention was stated in the instructions, and the plaintiff's counsel, in reply to a question by the judge, during the charge, asserted his claim in the same terms as before.

The question of law involved in the exception was decided in the case of *Pinkham* v. *Topsfield*, 104 Mass. 78. In that case the jury were instructed, that, " if there was some special cause for the formation of ice in that particular locality, owing to the construction or condition of the road, it would be a defect, if it rendered the way unsafe and dangerous, though it was only smooth and slippery"; and the ruling was unanimously sustained by this court. The doctrine is stated in *Fitzgerald* v. *Woburn*, 109 Mass. 204, in similar terms ; and in the leading case of *Stanton* v. *Springfield*, 12 Allen, 566, it is said that " a way may be defective by being so improperly constructed as to induce a special or constant deposit of ice in a particular locality." In the decision in *Billings* v. *Worcester*, 102 Mass. 329, there is nothing in conflict with this doctrine, although some of the reasoning in the opinion seems to lead away from it; but through the change in the law by the enactment of the statute of 1877, c. 234, that reasoning has become inapplicable to recent cases. Pub. Sts. c. 52, § 18. *Post* v. *Boston*, 141 Mass. 189. *Blake* v. *Lowell*, 143 Mass. 296.

*Exceptions sustained.*