# THE

# New York Supplement.

## VOLUME XVI.

---

### OTT *v.* CITY OF BUFFALO.

*(Supreme Court, General Term, Fifth Department.* October 23, 1891.)

1. DEFECTIVE STREETS—EXCAVATIONS—NEGLIGENCE OF TRAVELER.

It appeared, in an action against a city for personal injuries, that the deceased, a very large man, came to his death while passing along the street late at night, by falling into a sewer in process of construction. A person who was with him testified that he had called the attention of the deceased to the dangerous condition of the sidewalk, and cautioned him to be careful; that the latter replied he was all right, and followed some 20 feet behind; and that either by tripping, or through some other cause, he came in contact with a barricade, consisting of a cross-grained pine board, which gave way, precipitating him into the sewer. Deceased had been drinking, but was not thereby incapacitated from walking in the ordinary manner, or from exercising ordinary care. *Held,* that there was no lack of care on the part of the deceased, and that the city should have had a more substantial guard to the sewer.

2. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.

Newly-discovered evidence, relating to the strength of the said guard, and the habits of the deceased and of the main witness in respect to indulging in intoxicants, was no ground for a new trial, being merely cumulative, and within easy reach at the time of the trial, and such as would probably not have affected the result.

Appeal from circuit court, Erie county.

Action by Christine Ott, administrator of John Ott, against the city of Buffalo, to recover for personal injuries to plaintiff's intestate, occasioned by falling into a sewer. There was judgment for plaintiff, and defendant appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*George M. Browne,* for appellant. *C. S. Cosser,* for respondent.

MACOMBER, J. This action is brought to recover damages for personal injuries to the plaintiff's intestate which resulted in his death. John Ott, the deceased, was passing along Clinton street, in the city of Buffalo, late at night, on the 11th of May, 1890, and, at a point about 150 feet from Babcock street, he fell into a sewer, which was in process of construction by the defendant, and shortly after died from the effect of the fall. The deceased was a very large man, weighing 250 pounds, and about 6 feet 8 inches in height. At the time mentioned he was accompanied by a friend, whose evidence is in the record before us. This man testified that shortly after leaving Babcock street, and turning into Clinton street, the witness was carefully feeling his way along on account of the dangerous condition of the sidewalk by reason of its being torn up in places, and called upon the deceased to be careful, because the sidewalk was in a bad condition. The deceased answered that he was all

v.16N.Y.s.no.1—1

right, and followed along about 18 or 20 feet behind the witness. The deceased, either by tripping, or through some other cause, came in contact with a barricade to the excavation, which consisted of a matched pine board, which was cross-grained, and this gave way, precipitating him into the sewer. The evidence of the witness who accompanied the deceased at the time mentioned, and of other persons, was sufficient to enable the jury to say that the guard to the sewer was insufficient by reason of the board being inadequate. The evidence, all taken together, indicated, as the learned justice upon the motion for a new trial has said, that the intestate had fallen against a board that was broken by the fall, and he was then precipitated into the sewer. From such fact it was competent for the jury to draw the inference that the city should have had a more secure protection to pedestrians, or by some means indicated to the passer-by the insufficiency of the board which they had in fact placed there. There is evidence in the case showing that the deceased had been drinking considerable beer during the evening, but it is shown, on the other hand, that such drinking did not incapacitate him from walking in the ordinary manner, or from exercising that degree of care which persons of ordinary prudence are accustomed to observe when passing along the streets of cities. The evidence of the person accompanying the deceased shows satisfactorily that there was no want of care by the deceased, but, on the contrary, that he and the witness were giving their attention to the dangers attending the situation.

In respect to the motion for a new trial, upon the ground of alleged newly-discovered evidence, it is sufficient to say that, under the well-established practice of the courts, the motion was properly denied by the special term, for the reason that no part of the evidence so promised on the new trial could properly be said to be different in character from that which appeared in a greater or less degree upon the trial already had. This newly-discovered evidence relates to the habits of the deceased and of the main witness in respect to indulging in intoxicating liquors, and to the condition and strength of the board used as a guard to the sewer. All of the evidence now promised was in the easy reach of the defendant at the time of the trial, and, if it had been adduced, there appears to us no probability that it would have materially affected the verdict. The judgment and orders appealed from should be affirmed. All concur.