## D. H. HUSTON v. THE CITY OF COUNCIL BLUFFS, Appellant.

**Sidewalks:** ICE AND SNOW. Ice and snow accumulating on a sidewalk from natural causes, if suffered to remain until the surface is so rough, ridged, rounded, or slanting that it is difficult and dangerous for persons traveling on foot to pass over it when exercising ordinary care, constitutes a defect for which the city or town is liable.

**Evidence:** OFFICIAL WEATHER RECORD. A record of the United States weather bureau, taken and kept at a station four and one-half miles from the place where an accident occurred by falling from an icy sidewalk, is admissible to prove the daily temperature and the character and amount of precipitation.

*Appeal from Pottawattamie District Court.*—HON. A. B. THORNELL, Judge.

FRIDAY, JANUARY 29, 1897.

ACTION at law to recover damages for personal injuries resulting to plaintiff through a fall on one of the streets of the defendant city. Trial to a jury, verdict and judgment for plaintiff, and defendant appeals.—*Affirmed.*

*Mayne & Hazelton* for appellant.

*Harl & McCabe* for appellee.

NOTE.—As to the liability of municipal corporations for ice on streets or sidewalks, see *Hausmann v. Madison* (Wis.) 21 L. R. A. 263, and *note.*

Where, although the accumulation of ice or snow has been from purely natural causes, it remains upon the sidewalk in a rounded, uneven or sloping form, so as to increase the danger of accident and create a condition entirely distinct from mere slipperiness by reason of being wet or covered by ice and snow, there is imposed upon the city the obligation of removing such an obstruction and not to expose its citizens to this new and unusual peril.

Where, by reason of the manner of constructing the walk or the surrounding conditions, the walk accumulates an unusual amount of snow or ice, or where the snow and ice thus allowed to remain upon the walk is not as it falls from the clouds, from purely natural causes, there is like obligation upon the city to remove the obstruction (after notice, either express or implied), and liability for negligence in failure to perform that duty.

*Broberg v. Des Moines,* 63 Iowa, 523 (50 Am. Rep. 756); *Cook v. Milwaukee,* 24 Wis. 270 (1 Am. Rep. 183); *Collins v. Council Bluffs,* 32 Iowa, 324 (7 Am. Rep. 200); *Cosner v. Centerville,* 90 Iowa, 33; *Stanton v. Springfield,* 94 Mass. 566; *Pinkham v. Topsfield,* 104 Mass. 78; *Fitzgerald v. Woburn,* 109 Mass. 204. *Adams v. Chicopee,* 117 Mass. 440; *Hughes v. Lawrence,* 160 Mass. 474; *Decker v. Scranton City,* 115 Pa. 241.

Where there was a ridge of snow and ice on the sidewalk, which had been there for a week before the accident, and was formed, in part, of snow that had fallen more than two weeks before, with no attempt to remove it, the cause should be submitted to the jury.

*Keane v. Waterford,* 130 N. Y. 188; *Boulder v. Miles,* 9 Colo. 415.

DEEMER, J.—Appellee, while passing along and over a sidewalk on the north side of Washington

avenue, a much-frequented street in the defendant city, slipped and fell upon the pavement, which was covered with ice and snow, and sustained a severe and complicated fracture of the arm and elbow.   He brought this action for damages, alleging that the defendant was negligent in this:   "That many days prior to the twenty-fourth day of February, 1894, occurred a fall of snow, which was suffered by the defendant corporation to lie as it fell upon said sidewalk.   Later the weather became warm, and the snow, converted into slush, was still permitted to remain upon the walk, and in that condition was frozen hard and smooth.   That the walk in question, at and near the point of injury, was so located as to receive not only the snow that naturally fell in time of storm, but as well received drainage from the ground lying above it, with no means provided for the escape of the water and slush that might come upon it from above; and that the snow in question, converted into water and slush by the thawing referred to in the petition, not only accumulated upon said sidewalk, but there was, as well, a further accumulation, by reason of descent of water and slush from the higher ground, and this was not only permitted to accumulate, which accumulation occurred on the eighteenth day of February, 1894, but to remain on said walk until after the accident sustained by plaintiff.   Plaintiff shows that the walk in question was not built on a flat surface, but was convex, the center of the walk being two or three inches higher than the sides, and that by reason thereof, the ice complained of did not present a flat surface, but stood at an angle; and, yet further, that by reason of the passage of many pedestrians, on the eighteenth of February and prior, while the snow upon said walk was in form of slush, the same became very irregular and rough in formation,

though smooth and glossy upon the surface, rendering passage over it in the highest degree dangerous and difficult, and that on the evening of February 18, the weather suddenly turned cold, freezing said water and slush in said position and manner." Evidence was adduced tending to support the allegations of this petition, and the court below gave the following instructions with reference thereto: "Now, it may be stated as a general rule, that the mere fact that snow or sleet has fallen upon the sidewalk from the clouds, and thereby rendered the sidewalk slippery and difficult to pass over, would not make the city liable therefor, even though such ice and snow should remain upon the walk for an unreasonable length of time after the officers of the city, whose duty require them to look after such matters, had notice of its existence, or after they, in the exercise of reasonable care in performing their duties, ought to have known of its existence; but this rule relates only to the natural conditions resulting from rain or sleet falling and freezing upon the walk, or snow accumulating upon the walk from natural causes. Where, after such ice or snow has thus accumulated, if by reason of persons traveling over same, or if, from other causes, as from ice or snow thawing and flowing down upon the walk from other lands, the surface of the snow or ice upon the walk becomes rough, or ridged, or rounded in form, or lies at an angle, or slanting, to the plane surface of the walk, so that it becomes difficult and dangerous for persons traveling on foot to pass over same when exercising ordinary care, or if the walk is constructed in such manner as not to permit the natural flow of the water and thawing snow from lands adjoining, but dams same upon the walk, and holds same there until it freezes, and the walk becomes dangerous by reason thereof, to persons using ordinary care in attempting

to pass over the same, or by reason of snow or ice having accumulated on the walk from natural causes, the flowing water and snow from adjoining lands are dammed up and held upon the walk, and frozen there, and by reason thereof make the walk dangerous for persons using ordinary care in passing over the same on foot, then the city becomes liable for injuries caused by such obstruction, provided the person injured did not contribute to his injury by negligence on his part, and the obstruction has existed for an unreasonable length of time after the same became known to the city authorities, or ought to have been known to them in the exercise of reasonable care." Other instructions, embodying the same thought, but applying it more specifically to the facts of the case, were given by the court in his charge. And of all these the defendant complains.

It is contended that the case falls within the rule announced in the case of *Broberg v. City of Des Moines*, 63 Iowa, 523 (19 N. W. Rep. 340). In that case we said: "The mere fact that a street is in a dangerous condition because of ice and snow, rendering the walks slippery by reason of the operation of natural causes, should not render the city liable, even if such ice and snow are not removed in a reasonable time. But when it becomes, by reason of the travel thereon, or other causes, rounded or in ridges, then it may be that the city should be required to remove such ice and snow." In the same case we cited the rule for such cases from the opinion in *Cook v. City of Milwaukee*, 24 Wis. 274, as follows: "When ice or snow is suffered to remain upon a sidewalk in such an uneven and rounded form that a person cannot walk over it, using due care, without danger of falling down, that it seems to constitute a defect for which the city or town is liable." It seems to us that the instructions given by the lower court

are in strict accord with the rules announced in the cited cases. In that case the snow and ice complained of was in the same condition as nature placed it. The case of *Collins v. City of Council Bluffs*, 32 Iowa, 324, is quite like the one at bar. There, as here, the snow had not been removed from the pavement. "It was to some extent thawed during the daytime, and, as there was a great amount of travel along the sidewalk, * * * the pavement became covered with ice, uneven and irregular upon its surface, thus rendering the locality difficult and unsafe for foot passengers." There, as here, plaintiff had no knowledge of the obstruction, and the jury was justified in finding that he was exercising proper care and diligence when the accident happened. With this state of facts in mind, we said: "The negligent permission of an obstruction in a street from snow and ice being deposited there from natural causes, whereby injury results to a traveler, will render the city liable." These cases are in line with the almost universal voice of authority. See *Adams v. Inhabitants of Chicopee*, 147 Mass. 440 (18 N. E. Rep. 231); *Fitzgerald v. Inhabitants of Woburn*, 109 Mass. 204; *City of Boulder v. Niles* (Colo. Sup.) 12 Pac. Rep. 632; Dillon, Mun. Corp. (4th Ed.) section 1006; Elliott, Roads & S., pp. 458-460; *Todd v. City of Troy*, 61 N. Y. 506, and note in annotated edition by Irving Browne; *Hill v. City of Fond du Lac*, 56 Wis. 242 (14 N. W. Rep. 25); *Stanton v. City of Springfield*, 12 Allen, 566. We think the instructions given by the court below clearly and correctly state the law, and that the verdict has support in the evidence.

II. It is contended that there is no evidence that the defendant had notice or knowledge of the defect complained of. This was a question for the jury, which was submitted by proper instructions, and with their finding we cannot interfere.

III.    Appellee was allowed to introduce in evidence the record of the United States weather bureau, taken and kept at Omaha, Neb., during a part of the month of February, 1894.    This record gave the maximum and minimum daily temperature, and the character and amount of precipitation at the station where it was kept, from February 9 to 24, inclusive.    This station was distant four and one-half miles from the place where the accident occurred.    This record was objected to by appellant, and error is assigned upon its admission. We think it was both competent and relevant to the issues in the case, and was properly admitted. See *State v. Brady*, 100 Iowa, 191 (69 N. W. Rep. 290); also, *People v. Dow*, 64 Mich. 717 (31 N. W. Rep. 597). The record introduced in this case was official, and was shown to have been made by a proper person, in the discharge of a duty imposed upon him by law, and as such it was clearly admissible, for the purpose of showing the temperature and snowfall during the time it purported to cover.    Greenleaf, Ev., sections 483–485; Bradner, Ev., p. 290, section 24.

We discover no error in the record, and the judgment is AFFIRMED