CLAIR EASTERBROOK, Claimant, *v.* THE STATE OF NEW YORK.
Claim No. 17176.

Court of Claims, January, 1924.

Claims against state — state highway covered with ice — contributory negligence of claimant in failing to attach chains to wheels of automobile — claim dismissed.

On January 16, 1921, claimant and his wife were proceeding in his touring car from Corning, N. Y., to Ithaca, N. Y., over a highway maintained by the state under the patrol system. When he came to a point about nine miles northwest of the village of Horseheads the surface of the highway was covered with ice which he saw, and although he had chains in his car he did not stop to put them on the wheels of his car but kept right on until his car skidded, turned over and fell into a ravine. Upon the hearing of a claim for damages for personal injuries and to the car there was no proof of any prior accident at the place in question nor that the highway authorities had received notice that the ice in question, which had been in the road for two or three weeks, was considered dangerous or constituted a defect in the highway. It was shown that during that period there had been much travel over said road and that it was perfectly safe to an automobile equipped with chains to prevent skidding. *Held*, that claimant in endeavoring to run his car down a hill covered with ice without putting on his anti-skid chains was clearly guilty of such contributory negligence as to preclude an award in his favor and his claim will be dismissed upon the merits.

MORSCHAUSER, J., dissents.

The evidence held not to sustain the contention of claimant that water ran over the highway at the point where the accident happened because the ditch constructed to take it off was filled with stones and debris.

Claim for damages to automobile on state highway.

*Cheney & Costello* (*W. E. Costello*, of counsel), for claimant.

*Carl Sherman*, attorney-general (*Lyman A. Kilburn* and *Henry P. Nevins*, deputy attorneys-general, of counsel), for State of New York.

Ackerson, P. J.  The evidence in this case disclosed that on the 16th day of January, 1921, the above-named claimant and his wife were proceeding over a state highway in his Studebaker six-cylinder touring car from Corning, N. Y., to Ithaca, N. Y.  The said highway was at that time being maintained under the patrol system.  The state thereby became liable for the damages suffered by any person from defects in said highway.  As claimant proceeded upon his journey on the day in question, he came to a point in the said highway about nine miles northwesterly of the village of Horseheads where the surface of the highway was covered with ice.  The claimant had no tire chains on his tires to prevent his automobile from skidding and when he saw this ice he did not stop to put any on although he had them in his car.

The evidence does not disclose that there had been any accident at this place previously nor that the highway authorities had received any notice that this ice in question was considered dangerous or constituted any defect in the highway.  The ice had been in the road for two or three weeks and there had been much travel over it and to an automobile equipped with chains to prevent skidding we must conclude it was perfectly safe.  The claimant saw the ice and he had the chains to put on his wheels but either saw nothing that looked dangerous to him or deliberately took the chance of crossing the ice in safety without chains.  The act of endeavoring to run his automobile down a hill covered with ice we think constitutes contributory negligence on his part.  He alleges in his claim that the water ran over the highway at this point because the ditch there constructed to take it off was filled with stones and other debris.

This contention is not sustained by the evidence.  Mr. Poole, a state engineer, called by the claimant, testified on this subject as follows:

" By Mr. Kilburn:  Q.  What was the condition of those ditches in the spring?  A.  They were practically the same as the way we left them in the fall.  Q.  They were not obstructed in any way?  A.  No sir.  Q.  And they were open?  A.  Yes sir.  Q.  And open sufficiently to take care of the water that came down —  A.  Yes, sir.  Q.  [Cont.] On each side of that unimproved highway that came down the hill?  A.  Yes, sir.  Q.  And what was the

condition of the culvert itself? A. It was clean and clear. Mr. Kilburn: That is all."

The ditches and the culvert filled up to some extent with ice and snow so that when it thawed a little of the water would ooze out over the road and freeze. Such conditions as this are likely to occur at most any place along a country highway in the winter time. If the state is to be made liable for damages suffered by those who endeavor to drive automobiles without anti-skid chains over ice on country roads in the winter time, it would have to maintain an army of employees to prevent the accumulation of such ice. After every storm the ditches and culverts would have to be cleaned out and the ice removed from the highway. This would be an unreasonable burden to place upon the state. If the state had permitted these ditches and this culvert to be filled up with debris such as stones, dirt, grass, brush, etc., that might create a different situation, but that is not this case. The most the courts have ever held in reference to the maintenance of country highways is that the highway authorities must maintain the highways in a reasonably safe condition for the travel to which it is subject and that that is all that is practicable.

In the case of *Flansburg* v. *Town of Eldridge*, 205 N. Y. 423, 428, Judge Collin of the Court of Appeals in speaking of the defendant's liability for an accident on one of its highways said: " In this case a question is: Does the evidence show or tend to show that an omission of the commissioners, inconsistent with and contrary to ordinary and reasonable foresight, apprehension and diligence, caused the injuries of the plaintiff? If it does not, the exception of the defendant to the denial of its motion for the non-suit is well taken." And again at page 429: " The commissioners of highways were not negligent in omitting to maintain a guard rail or fence upon the north boundary of the roadway. It is a matter of common intelligence, as well as of law, that a reasonably safe condition of a highway for the travel to which it is subject is all that is practicable."

In the case at bar there is no proof of any prior accident at this place and no proof of any complaint which reached the authorities responsible for the condition of this highway. As bearing on that proposition we quote from Judge Hiscock in the case of *Butler* v. *Village of Oxford*, 186 N. Y. 444, 448, as follows: " While of course the absence of any prior accident at this point would not be conclusive evidence that the construction was a proper one it still is of much importance in establishing that proposition and in relieving the trustees from any imputation of negligence because they did not change it. They had a right to take into account and be influenced

by the experience of the general public in using this walk without any mishap."

In the case of *Lane* v. *Town of Hancock*, 142 N. Y. 510, an accident was caused by a bob sleigh slipping on an ice-covered water bar, extending across the road, and there being no guard logs at the side of the road the sleigh went over the embankment and a person thereon was killed. The court in that case said (at p. 521): " No accident had ever occurred on this road before, and there was nothing to indicate that such an accident as this would be likely to occur. There was such a combination of circumstances, all concurring at the time to produce it, that no reasonable man could impute negligence to the commissioners because they did not foresee it in the absent guard or fender on the edge of the road. * * *

" The limit of duty on the part of a town with regard to the condition of its highways falls far short of making them absolutely safe under all circumstances even for those who use them properly. * * * The remarks of Judge Peckham in the case of *Hubbell* v. *City of Yonkers*, 104 N. Y. 434, 439, apply with great force to the facts disclosed by this record. That which never happened before, and which in its character is such as not to naturally occur to prudent men to guard against its happening at all, cannot when in the course of years, it does happen, furnish good grounds for a charge of negligence, in not foreseeing its possible happening and guarding against that remote contingency."

In view of the foregoing decisions of the Court of Appeals, we conclude that the facts established in this case do not make out a case for damages against the state. And even though it might be claimed that the case at bar could be distinguished from the cases cited to such an extent as to make the state liable on the facts here established, yet even then we are of the opinion that the claimant in endeavoring to negotiate this ice field without putting on his anti-skid chains was clearly guilty of contributory negligence which would prevent the court from making an award in his favor in any event.

The claim of the claimant must, therefore, be dismissed upon the merits.

WEBB, J., concurs; MORSCHAUSER, J., dissents, with opinion.

MORSCHAUSER, J. (dissenting). The claimant alleges in his claim that he was injured on January 16, 1921, by reason of certain defects existing in a highway known as the Horseheads-Cayuga state highway, being state highway No. 5432-A, and being a part of route 39-A of the state highways of the state of New York,

which highway runs generally in a northeasterly direction from Horseheads, N. Y., to Ithaca, N. Y., by way of Sullivanville and the village of Newfield. This highway was under the patrol system at the time.

The claimant was driving an automobile over this road without chains on the wheels. Near the point of the accident this highway was intercepted by a common dirt road and the highway sloped at the point of the accident descending in the direction that the claimant was traveling and at the foot of the hill there was a culvert under the highway to carry the water under the road coming from an open ditch. The state had built, running parallel with its highway, a ditch or open drain to take the water from the top of the hill to the culvert at the bottom of the hill and also built this drain or ditch across the dirt road to carry the water from the dirt road along its highway and so on down to the culvert. The state had permitted the culvert, and also the ditch leading thereto, to become clogged with debris and the water instead of running down in the ditch to the culvert ran across the highway at about the middle of the hill, where the dirt road intercepted, and covered the greater portion of the highway with water which froze and became ice and had been in that condition for a considerable length of time before the accident.

The state was under an obligation to keep its ditch, culvert and drain open and its failure to do so caused the water flowing over the highway to freeze and form ice upon the highway. The other part of the entire highway was clear of ice.

Where power is conferred on public officers or a municipal corporation to make improvements, such as streets, sewers, etc., and keep them in repair, the duty to make them is *quasi* judicial or discretionary, involving a determination as to their necessity, requisite capacity, location, etc., and for a failure to exercise this power or an erroneous estimate of the public needs, no civil action can be maintained. But when the discretion has been exercised and the street or improvement made, the duty of keeping it in repair is ministerial, and for neglect to perform such a duty an action by the party injured will lie. *Urquhart* v. *City of Ogdensburg,* 91 N. Y. 67; *Hines* v. *City of Lockport,* 50 id. 236, 238; *Mills* v. *City of Brooklyn,* 32 id. 489.

The negligent act of the state in the case at bar was its failure to keep its ditches, drains and culverts free from debris so as to prevent them from clogging up and causing a large quantity of water to overflow the highway, which froze and caused a large field of ice to form. *Walker* v. *Town of Pittsfield,* 198 N. Y. 559;

*Pinkham* v. *Topsfield*, 104 Mass. 78; *Adams* v. *Chicopee*, 147 id. 440; *Fitzgerald* v. *Woburn*, 109 id. 204.

We do not think that the state would be liable for conditions produced by the elements alone and the fact that it was slippery and icy at the place of the accident would not of itself justify a finding of negligence, but where there is some other cause for the formation of the ice in this particular locality, like in this case, caused by the failure of the state to do its duty in keeping the ditches, drains and culvert open, we think that the state was negligent. *Todd* v. *City of Troy*, 61 N. Y. 506; *Pinkham* v. *Topsfield, supra.*

In *Walker* v. *Town of Pittsfield, supra,* the court said: " There was evidence with respect to the condition of this highway for several months prior to the accident, from which the jurors might find neglect on the part of the commissioner of highways in failing to keep the sluiceway at this point in good order and that such neglect caused a more serious defect in the highway in the winter following, than would have occurred otherwise. If the defect complained of could be attributable, solely, to those conditions which usually supervene in the winter season, as the result of atmospheric changes and of the effect of travel upon accumulations of snow and ice, we should be disinclined to hold that the commissioner of highways was chargeable with culpable neglect." In this case the sluiceway caused water to overflow which froze and made the highway very dangerous and the town was held liable for negligence.

The claimant's car was going down this hill when he struck the field of ice in the highway, skidded and turned over and fell in a ravine. There was no barrier, or guard, at the point where the car tumbled over. In this fall the claimant was severely injured in his person and his car was damaged.

The state, by section 176 of the Highway Law, as it was at the time of the accident, assumed liability for defects in its highway where they were maintained under the patrol system. We think that this was such a defect in the highway as to obligate the state to repair or remedy the same. The condition above referred to had existed at this point for a long time. The state, by the Highway Law, having assumed liability for defects in its highway where they are maintained under the patrol system, undoubtedly intended to assume the same liability as existed against towns prior to the enactment of this law and this liability should be measured by the same rules of law that existed holding towns liable for defects in its highways prior to the enactment of section 176 of the Highway Law. The state failed to open the culvert at the foot of the hill and failed to keep open this drain and ditch and this failure on the

part of the state caused the water to flow over the highway and freeze and a large field of ice to form. Under these circumstances, the state was negligent and permitted a defect in its highways to exist which caused the accident.

The claimant was not guilty of contributory negligence. He testified that the entire route over which he traveled was free from ice and snow and the road was clear until he came to the place of the accident. His testimony was in part as follows: " We came down, went down this dip and out onto this ice, and I started to skid onto the ice, unexpectedly as far as I was concerned. You couldn't see it until you got right on it. And I started to skid, and I turned the car out of the ruts the first time. And there was a rut there that a heavy car had made. I don't know when, but my front wheels struck the first rut, and my hind wheels missed it, and I simply whirled around and backed down, as the pictures will show here that we have. The rear of my car struck on the culvert that goes through there, and we turned completely over and struck bottom side up * * *."

Where an embankment of snow and ice was perfectly visible; that the plaintiff must have seen it as he passed over it, and that there was a light covering of recent snow over the ice, held, a refusal of the court to charge, as matter of law, that it was negligence for plaintiff, under the circumstances, to attempt to pass over the embankment was not error. *Pomfrey* v. *Village of Saratoga Springs,* 104 N. Y. 459.

Where a person traveling upon a highway is, as a general rule, justified in assuming that it is safe; and, where he is injured in consequence of a defect therein, the fact that he had previous knowledge of the existence of the defect, does not *per se* establish negligence on his part. *Weed* v. *Village of Ballston Spa,* 76 N. Y. 329; *Richardson* v. *City of Syracuse,* 41 App. Div. 118; *Ott* v. *City of Buffalo,* 16 N. Y. Supp. 1; affd., 131 N. Y. 594; *Shook* v. *City of Cohoes,* 108 N. Y. 648.

It appeared upon the trial that the claimant in the accident had two ribs broken and suffered considerable pain and was unable to do work for some time. He stated in open court that he was willing to accept $200 for his personal injuries and sufferings and it was shown by the evidence, and uncontradicted, that the claimant sustained the sum of $884.52 damage to his automobile.

I think, therefore, that the claimant is entitled to recover the sum of $1,084.52 and should have judgment for that amount.

Judgment accordingly.