EDWARD MCAULEY *vs*. CITY OF BOSTON.

Ridges and hillocks of ice formed by the freezing of melted and trodden snow upon a city sidewalk, making the surface uneven and peculiarly dangerous, may be found by a jury to be defects for which, under Gen. Sts. *c*. 44, § 22, the city is liable to one hurt by reason either of stumbling against, or of slipping upon them.

TORT, to recover for a hurt received by the plaintiff through a defect in a highway.

At the trial in this court before *Morton*, J., the laying out of the highway was admitted. The plaintiff testified as follows: "I was walking on Monday, January 2, near 516 Tremont Street, corner of Milford, on the left-hand side going up, between 11 and 12 A. M., on my way up to Chester Park. After crossing Milford Street and walking ten or twelve feet on the sidewalk, I fell. I was four or five feet from the edgestone, in about the middle of the sidewalk. There was ice there, made from the last fall of snow, that made me fall. The snow had melted, and was trodden down. It was hubbly, plains and hollows, where I fell. It looked as if it had melted; its color was between light and dark. It was a clear day. I think the day before was clear. There was a snow-storm before that. I was using the usual care that I ordinarily do; was looking forward. Other people were ahead of me, going over the same place."

On cross-examination he testified: "It looked to me as if the whole sidewalk was unshovelled. Suppose it varied from one inch to five inches thick. The ice was five inches thick where I fell. It was rather rounding. I slipped off one of the rounds. They were large lumps of ice. I stepped on one, and slipped off the hillock. I didn't stumble. It was nothing but pure slipperiness that caused me to fall. There were hillocks which were slippery. If there had been hills of snow, it would not have made me fall. It was unevenness and slipperiness. I did not hit my foot and stumble. It was a hill of ice that broke my leg. I didn't hit my foot against something rough. It was merely slipperiness."

The plaintiff called other witnesses, who testified substantially that on the Wednesday, Thursday and Friday before the Monday on which the accident occurred, there had been several light falls of snow, which in some instances melted as it fell, or changed into rain ; that these falls amounted in the aggregate to five or six inches ; that the weather since those days had varied in temperature, with alternate freezing and thawing ; that the sidewalk in question presented the appearance of not having been shovelled off, and of having been travelled over and trodden in while the snow or ice was soft, and of having frozen in that condition ; that the snow and ice had been rendered by this travel hubbly, uneven and slippery, and that it varied from one to six inches in thickness in different portions of the sidewalk.

The city introduced evidence tending to show that the sidewalk at this point was bare of ice and snow, except some patches of smooth ice which were made by water from a conductor on an adjacent building.

The city then requested the court to rule that there was no evidence which would justify the jury in finding a verdict for the plaintiff.

The presiding judge, for the purposes of the trial, declined so to rule, but instructed the jury that where snow falls and melts, and by being passed over and trodden in, when soft, by foot passengers, becomes, when frozen, uneven and slippery, and this combined slipperiness and unevenness causes the accident, the city will be liable, if such condition makes the sidewalk dangerous and defective in the judgment of the jury, and such defect has existed for more than twenty-four hours before the accident ; and that it was equally so, whether the plaintiff stumbled or slipped ; that if the sidewalk was in the condition described by the witnesses for the defendant, the city was not liable. To this the defendant excepted.

The jury found for the plaintiff, and the case was reported upon the agreement, that if upon the whole evidence the verdict could be sustained, and the instructions were sufficiently favorable to the defendant, judgment was to be rendered thereon otherwise for the defendant.

*J. P. Healy*, for the defendant.

*G. A. Somerby*, for the plaintiff.

GRAY, C. J. It does not appear by the report that there was anything defective or unusual in the construction or repair of the sidewalk. The case would seem to have turned upon the question whether the jury found the form and dimensions of the ice at the spot where the plaintiff fell to have been as testified to on the one side or on the other.

The evidence for the defendant tended to show that the only ice or snow at that place was in smooth patches produced by the water from a conductor on an adjacent building; and the jury were instructed, in accordance with the decision in *Billings* v. *Worcester*, 102 Mass. 329, that if such was the condition of the sidewalk the city was not liable.

The evidence for the plaintiff tended to show that the snow and ice at the place in question, by the effect of melting and freezing, and the trampling of passengers, without being shovelled off for several days, was quite uneven, with slippery ridges or hillocks and intervening hollows, which made the sidewalk more dangerous to walk over than it would have been if the ice had been smooth and of substantially uniform thickness. Such evidence, according to repeated decisions, was sufficient to warrant the jury in finding that the highway was defective. A ridge or hillock of ice, which makes the surface of the sidewalk substantially uneven, may be equally a defect in the highway, whether it causes a traveller to stumble against it, or, by reason of its peculiar form or slope, to lose his footing upon it. *Luther* v. *Worcester*, 97 Mass. 268. *Hutchins* v. *Boston*, Ib. 272, note. *Street* v. *Holyoke*, 105 Mass. 82. *Morse* v. *Boston*, 109 Mass. 446. The presiding judge therefore rightly declined to withdraw the case from the jury.

The instructions given must be applied to the evidence in the case, and, fairly construed, required the jury to find that the form of the ice differed substantially from a smooth and uniform surface, and that by reason of that difference the sidewalk was peculiarly dangerous and defective. No special instructions were requested, and the argument of the learned counsel for the city

before this court was directed to the sufficiency of the evidence, and not to the wording of the instructions.

*Judgment on the verdict for the plaintiff.**

---

\* At November term, 1874, for Essex, was argued and determined

MARY WILLIAMS *vs.* CITY OF LAWRENCE.

TORT to recover for a hurt received by the plaintiff by falling on a sidewalk in Lawrence.

At the trial in the Superior Court, before *Lord*, J., the plaintiff testified, that January 6, 1873, while walking from church, on the sidewalk on Chestnut Street in Lawrence, to her house, she slipped, fell and fractured her thigh bone; that the sidewalk was in a very rough and "hubbly" condition; that it was so rough and uneven that she had to pick her way along it as best she could among the bunches and rough places, and had to walk very slow; that she slipped and fell, on account of the rough and uneven condition of the sidewalk; that when she fell, her hip struck on the rough and uneven places, and she thereby received the injury complained of; that she wore rubbers over her shoes, and woollen socks over the rubbers.

On cross-examination, she testified, that there were foot holes all along the sidewalk, that they made it very rough and "hubbly;" that there had been a snow-storm the week before which ended in a rain that made the sidewalk soft; that parties passing over the sidewalk when in that condition made foot holes all along it, and made it very rough and uneven; that the sidewalk froze while in that condition; that she walked over the sidewalk the Sunday previous, and that she knew its condition at the time she walked upon it and fell.

The plaintiff introduced another witness, who testified that the same day the plaintiff fell he examined the sidewalk, that it was about four feet wide as made by the snow-plough, a triangular instrument which was used to level the snow and to make the sidewalk convenient for travelling, and which left the sidewalk smooth; that the sidewalk was dishing, and some five inches lower in the centre than on the outside, and in a very slippery condition, but not made slippery by the action of the snow-plough; that the sidewalk was very rough and "hubbly"; that the roughness and unevenness was general, consisting of rough foot holes and rounded "hubbles" of various heights, some three or four inches high; that the sidewalk had been in that condition two or three days previous to the happening of the injury, and that the sidewalk was in so bad a condition that one could not walk on it without being in danger of falling.

The plaintiff also introduced one Ash, as a witness, who testified that he saw the plaintiff when she fell; that she was walking very slowly, with her arms extended as though she was in the fear of falling, that the sidewalk was in a rough and uneven condition, and was the same the day before.

There was no evidence that there was any fault in the construction of the sidewalk, and there was no evidence of any defect except that occasioned by the frozen and trodden condition of the snow upon the sidewalk.

The city admitted the location of the street, and its liability in case there was a defective sidewalk on it; and upon these facts asked the court to rule that there was nothing for the jury; that the facts, if true, did not as a matter of law constitute a defect in the street. The plaintiff contended that the facts were for the jury to pass upon, and that it was for them, in view of all the facts and circumstances of the case, to determine whether the sidewalk was defective.

The presiding judge, without ruling upon the question, with the consent of the parties, took the case from the jury, and reported the facts for the determination of this court, as to whether the case should have been submitted to the jury upon the foregoing facts to find whether the sidewalk was defective.

*J. C. Sanborn*, for the plaintiff.

*D. Saunders*, for the defendant.

BY THE COURT. This case cannot be distinguished from those of *Morse v. Boston*, 109 Mass. 446, and *McAuley v. Boston, supra.*

*Case to stand for trial.*