NANCY W. KEITH *vs.* CITY OF BROCKTON.

Plymouth.   Oct. 16. — Nov. 3, 1883.   FIELD & W. ALLEN, JJ., absent.

In an action against a city for an injury sustained by reason of the defective condition of a sidewalk, caused by water flowing from the land of an abutter and freezing, a ruling that "the city authorities had no right to prevent surface water from escaping to the highway from the land of an adjoining owner, where the highway had been laid out and the grade established according to law," affords the plaintiff good ground of exception.

TORT for personal injuries sustained by the plaintiff, by an alleged defect in the sidewalk of Main Street, in the defendant city, on November 26, 1882. Trial in the Superior Court, before *Blodgett*, J., who allowed a bill of exceptions, in substance as follows :

It was admitted that Main Street was a public highway, extending in a northerly and southerly direction, and the most frequently travelled street in the defendant city ; that the defendant was bound to keep said street in repair; that the plaintiff, at the time she was injured, was travelling on said sidewalk, in front of the grounds of the First Congregational Church, going in a northerly direction.

Along the side of Main Street were concrete sidewalks, the one on which the plaintiff was travelling being about ten feet wide, and separated from the premises of the First Congregational Church by a faced granite retaining wall, the church grounds being considerably elevated above the street and sidewalk, while the lands on the opposite side of the street were much lower than the street. Along the outer edge of the sidewalk on which the plaintiff was travelling was a granite curbstone about eight inches above the paved gutter of Main

Street, except where the sidewalk is crossed by a driveway leading from Main Street to the church grounds, where there is no curbstone. The main part of the driveway near the church grounds is on about the same grade as the sidewalk at either side thereof, but gradually slopes from there to the gutter of the street.

It appeared that Main Street sloped from the driveway, in a southerly direction, eight feet in fifteen or twenty rods; that large quantities of surface water ran from said church and grounds along the driveway, and, before leaving the church grounds, collected in and run over the concrete gutters on either side of the driveway within the church grounds, which concrete gutters had been extended by the defendant from the church grounds over and across the sidewalk at the driveway to Main Street, forming well-defined channels or depressions for the water to flow over, the most southerly one being about two and a half feet in width, and varying in depth from about two to three inches; and the plaintiff contended that it was on this depression she was injured, by reason of the defective condition of the sidewalk at this point. This westerly concrete sidewalk was constructed by the defendant, as were also the driveway channels or depressions across the same within the location of the highway, about the year 1874. A few years later, Main Street was widened about three feet, to its present width, on the side adjoining the church grounds, by setting back the granite face wall of said premises. This new strip of street, or westerly sidewalk and driveway, between the present and former westerly boundaries thereof, and also the said channels, were covered with concrete; and continued, in about the same form as before stated, to the new westerly boundary, by the defendant.

The plaintiff introduced evidence tending to show that the new concrete settled in said southerly depression, so that it became lower than the old; that a ridge, or bar, was formed across this depression, and thereby water settled and remained between said ridge or bar and a stone post at the corner of the church grounds and the driveway, and that the ridge or bar sloped in an easterly, westerly, and northerly direction; that water accumulated there and froze, and that frequently in cold weather, for four or five years at least prior to the date of the plaintiff's

injury, the channel or depression had been filled with ice, extending therein across the sidewalk, and so remained when all other parts of the sidewalk were free from ice or snow.

The evidence also tended to show that this channel or depression sloped from the inner edge of the sidewalk to the gutter of the street a little over one foot, i. e. the line of the end of the depression adjoining the church premises is a little more than one foot higher than the paved gutter on the westerly side of said street. The temperature was below the freezing point, at times, for several days prior to the evening on which the plaintiff was injured.

The plaintiff offered evidence tending to show that the sidewalks and streets of the defendant city were free from ice except where she received her injuries, and that she did not notice any ice there till she came upon the southerly channel or depression, where she contended that she fell and received severe injuries, by reason of her stepping on old ice there formed, which had an unusual slope from the direction of the stone post and church grounds towards the street. There was other evidence tending to show that there was old ice in this channel or depression, extending from the stone post adjoining the church premises half-way across the sidewalk towards the street, and that this ice was rough, hubbly, and uneven, at the place where the plaintiff stepped upon it. The evidence on this point, and also whether or not there was ice on other parts of said sidewalk, was conflicting.

The plaintiff contended that said channels and depressions, so constructed and used, rendered the sidewalk defective at the point where the plaintiff was injured, and that, by reason of that defect, ice of a peculiar shape formed thereon, whereby that part of the sidewalk was made dangerous for public travel; and put in evidence tending to show that the defendant might have prevented and remedied this defect, and that the water might be carried under the sidewalk by pipes, culverts, and bridges, or by drains, at a moderate expense.

The plaintiff argued to the jury, that, if the surface water from the church and church premises ran across the sidewalk so as to make the same defective and dangerous to the public travel in the winter season by the formation of large quantities

of ice, then the defendant, by its proper officers, could and had a right, by means of barriers at the driveway, to prevent said water from flowing over and across said sidewalk where the plaintiff claimed to have been injured; but the judge ruled, at the request of the defendant, "that the city authorities had no right to prevent surface water from escaping to the highway from the land of an adjoining owner, where the highway had been laid out and the grade established by law."

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*J. E. Cotter & J. Cronin,* for the plaintiff.

*H. Kingman,* for the defendant.

COLBURN, J.   The plaintiff contended, and argued to the jury, that the defendant, by its proper officers, could, and had the right, by means of barriers at the driveway, to prevent the flow of surface water from the church grounds on to the sidewalk where she claimed to have been injured.

The city was bound to keep the way in repair, so as to be reasonably safe and convenient for travellers.   How far the surveyor of ways, or other officers, had a right to raise the sidewalk, or what barriers they had a right to erect, might have admitted of question; but we are unable to see any ground upon which the ruling made at the request of the defendant, apparently after the arguments were closed, "that the city authorities had no right to prevent surface water from escaping to the highway from the land of an adjoining owner, where the highway had been laid out and the grade established by law," can be sustained.   No authority is cited to sustain it, and it is contrary to well-settled principles of law.   *Gannon* v. *Hargadon,* 10 Allen, 106.   *Turner* v. *Dartmouth,* 13 Allen, 291.   *Franklin* v. *Fisk,* 13 Allen, 211.   *Emery* v. *Lowell,* 104 Mass. 13.   The grade of a street is not established with a view to enable adjoining proprietors to turn surface water upon it.   And we are not aware that there is any difference in the rights of adjoining proprietors and city authorities as to surface water, whether the grade of a street has been established by law or not, except that a surveyor of ways, in making repairs, would be restricted within narrower limits on a street with a legally established grade, than on one the grade of which had not been established.

But obviously the flow of surface water on to a street might in many cases be prevented, or changed from one place to another, without doing any act which would amount to the change of the grade of the street.

This ruling was likely to have misled the jury, as they would naturally infer that, if the city had no right to stop the flow of the water, it ought not to be held responsible for an injury caused by its flow and freezing.        *Exceptions sustained.*