ELIZA ALLISON, Appellant, *v.* THE VILLAGE OF MIDDLETOWN,
Respondent.

(Argued February 4, 1886 ; decided March 2, 1886.)

THIS action was brought to recover damages for injuries sustained by plaintiff, alleged to have been caused by defendant's negligence in permitting ice to accumulate on a sidewalk of one of its streets whereon plaintiff stepped, slipped, fell and was injured.

The plaintiff was nonsuited on the trial.

The following is the *mem.* of the opinion :

" We think the case should have gone to the jury. It is claimed that the proof shows that the plaintiff was not on the sidewalk when she slipped, but was on the open space adjacent, in front of the house, over which she was passing to reach the walk. The most that can be said in support of this contention is that on her re-examination the plaintiff stated that the place where she fell was about three or four feet from the steps of the house, and the evidence shows that it was five feet or more from the steps to the inner line of the sidewalk. But on the same re-examination she also testified that the place of the accident was four or five feet from the curb. Both statements could not be true. The walk was seven feet wide, and if the plaintiff fell within five feet of the curb, she must have been upon the sidewalk at the time. Her testimony on her original examination was distinct that she slipped and fell on the sidewalk. Her subsequent evidence, taken together, was not necessarily inconsistent with her former testimony. It was for the jury to determine, upon her whole evidence, whether she was upon the walk, or outside of it, at the time of the accident.

"There was also sufficient evidence to go to the jury upon the question of the defendant's negligence. The jury would have been justified in finding that the village had negligently allowed the ice, formed from the wastage of the pump and the discharge from the leader on the house, to accumulate and remain, rendering the walk unsafe. The jury was the appropriate tribunal to determine the case, and the nonsuit was, we think, improperly granted."

*T. A. Read* for appellant.

*W. F. O'Neill* for respondent.

ANDREWS, J., reads for a reversal, and new trial.
All concur.
Judgment reversed.