## MARY A. OLSON vs. CITY OF WORCESTER.

Worcester.    October 5. — 22, 1886.   DEVENS & W. ALLEN, JJ., absent.

In an action against a city for personal injuries occasioned by a defect in a highway, the evidence showed that the defect was a ridge of ice extending over the sidewalk from the outlet of a water conductor upon a building adjacent to the sidewalk, which emptied its water upon the sidewalk, and which had been there for a long time. The judge instructed the jury that they might take into consideration the existence of the conductor, in connection with the time the defect had existed, as bearing upon the question whether the city had notice, or might have had notice, of the defect by the exercise of proper care and diligence. *Held*, that the defendant had no ground of exception.

TORT for personal injuries occasioned to the plaintiff by a defective highway in the city of Worcester. Trial in the Superior Court, before *Knowlton*, J., who allowed a bill of exceptions, in substance as follows:

The plaintiff offered evidence tending to show that she fell on a ridge or accumulation of ice, extending over the sidewalk from the outlet of a water conductor which reached from the eaves of an adjacent building to the sidewalk, and which emptied its waters on the sidewalk, and had been there a long time; that it had snowed and rained within two or three days prior to the accident, which happened in the evening; that it had been wet the previous day, and there was a slight snow on the day of the accident; and that the weather had grown colder so as to freeze during the latter part of that day and evening. There was also evidence tending to show that the ridge or accumulation of ice had existed for three or four days prior to the time of the accident, substantially as it was at that time.

The judge, among other things, instructed the jury as follows: "It is not enough to show that the city had notice of a spout discharging water there, unless you find, with that, that the city had notice, or might have had notice by the exercise of reasonable care and diligence, of this precise defect, to wit, the ice which was on the sidewalk; but upon the question whether the city might, by the exercise of such reasonable care and diligence, have had notice of the ice, you may think it very important if there was there a spout calculated to discharge water upon the

sidewalk, and of which you may think the city had notice, or might have had notice by the exercise of reasonable care and diligence."

Upon the defendant's counsel stating that he excepted to this part of the charge, not to any particular expression in it, but to that portion, as a whole, which permitted the jury to consider, upon the question of notice, the existence of the spout, the judge restated the proposition which he intended to lay down, as follows: "You may take into account, concerning it, whatever there was, if anything, which would indicate to the city the probability of an accumulation of ice in a time of storm or in a time of thaw."

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*F. P. Goulding*, for the defendant.

*D. Manning, Jr.*, for the plaintiff, was not called upon.

MORTON, C. J. By the existing statutes, a town or city is liable for an injury caused by a defect in a way, if the injury might have been prevented by reasonable care and diligence on the part of the town or city, and if the town or city had reasonable notice of the defect, or might have had notice thereof by the exercise of proper care and diligence on its part. Pub. Sts. c. 52, § 18.

The degree of diligence required of officers of a town or city, in watching the way and guarding against defects, depends in some measure upon the character of the way. If there are known causes in operation likely to produce a defect in the way, the diligence required is greater than might be sufficient under other conditions. It is reasonable that the officers should keep a more watchful eye over such a way in order to guard against danger. When, therefore, a defect is produced by some known, permanent cause which would naturally create the defect, the existence of such cause may properly be considered by the jury in determining whether the officers of the town or city might have had notice of the defect by the exercise of proper care and diligence. *Post* v. *Boston*, 141 Mass. 189.

In the case at bar, the defect was a ridge of ice extending over the sidewalk from the outlet of a water conductor upon a building adjacent to the sidewalk, which emptied its water upon the

sidewalk, and which had been there for a long time. The conductor was likely to produce the defect complained of; and the court rightly ruled that the jury might take into consideration the existence of the conductor, in connection with the time the defect had existed, as bearing upon the question whether the city had notice, or might have had notice, of the defect by the exercise of proper care and diligence.        *Exceptions overruled.*