Buscher *v.* The City of Lafayette.

Filed Jan. 9, 1894.

———◆———

No. 818.

## BUSCHER *v.* THE CITY OF LAFAYETTE.

JURISDICTION.—*Appeal.*—*Amount in Controversy, How Determined.*—*Appellate Court.*—Where, in an action for damages, the jury find for the plaintiff in a certain sum, such sum is the amount in controversy on appeal, and determines the jurisdiction. Had the jury found generally for the defendant, the amount demanded in the complaint would determine that question.

SPECIAL VERDICT.—*Overruling Motion to Strike Out Evidentiary Facts and Legal Conclusions.*—*Harmless Error.*—*Duty of Court to Disregard.* —If a special verdict contain evidentiary facts or conclusions of law, the court, in passing upon the verdict and in rendering judgment thereon, must disregard the evidentiary facts and legal conclusions; hence, the overruling of a motion to strike out improper findings in a special verdict is not such error as will warrant a reversal of the judgment.

MUNICIPAL CORPORATION.—*Defective Sidewalk.*—*Personal Injury.*— *Damages.*—*Liability for.*—If a city permit a sidewalk to become out of repair so that a pedestrian, without knowledge or the means of ascertaining its condition, be injured while using the same, without fault on his part, it is liable therefor.

SAME.—*Streets and Sidewalks, When Sufficiently Constructed.*—*Presumption.*—*Notice.*—Where a city builds and maintains streets and sidewalks, which are reasonably safe for use by persons exercising ordinary care, it has fulfilled its duty in that respect. And pedestrians may presume that the city has done its duty in constructing and maintaining the same. Actual notice on the part of the corporation, of the defective condition of a street or sidewalk is not necessary where such unsafe condition has existed for such time that, with reasonable diligence, it might have been known.

SAME.—*Special Finding.*—*Recovery.*—*Sidewalk.*—*Personal Injury.*—In

an action for a personal injury, against a city, alleged to have been received by reason of a defective sidewalk, the plaintiff can not recover where the jury specially find that the walk where the plaintiff was injured "was in a reasonably safe condition for use in the customary and proper way, by persons exercising ordinary care."

From the Tippecanoe Superior Court.

*J. R. Coffroth, A. L. Kumler, T. F. Gaylord* and *T. A. Stuart,* for appellant.

*J. F. McHugh, A. D. Wallace* and *S. P. Baird,* for appellee.

Ross, J.—The appellant brought this action against the appellee, to recover damages for injuries received by her, caused by an alleged defect in a sidewalk in the city of Lafayette.

The appellant, in her complaint, demanded damages in the sum of five thousand dollars, but upon trial of the cause, the jury returned a special verdict, in which her damages were assessed at one thousand dollars. Upon the special verdict of the jury, judgment was rendered in favor of the appellee.

The first question presented for our consideration calls in question the jurisdiction of this court. It is urged that this court has no jurisdiction of the cause, for the reason that the amount in controversy exceeds thirty-five hundred dollars, and we are required to determine which controls, the demand in the complaint or the damages assessed by the jury. Had the jury returned a general verdict for the appellee, the appellant's damages would have been undetermined, and the demand of the complaint would be the amount in controversy, but when the amount to be recovered has once been ascertained and fixed it must control. When the jury determined that the appellant had been damaged in the sum of one thousand dollars, the amount in controversy became

fixed, and, on appeal, that is the amount in controversy, and determines the jurisdiction of this court.

The appellant assigns in this court, for a reversal of the judgment, the following reasons, viz:

1st. "Because the court erred in overruling appellant's motion to strike out parts of the special verdict returned by the jury on the trial of this cause."

2d. "Because the court erred in overruling appellant's motion for a *venire de novo* herein."

3d. "Because the court erred in overruling appellant's motion for judgment in her favor, upon the facts found by the jury in their special verdict herein."

4th. "Because the court erred in sustaining the motion made by appellee, for judgment in its favor, upon the facts found by the jury in their special verdict herein."

5th. "Because the court erred in overruling appellant's motion in arrest of judgment herein."

When a jury returns a special verdict containing evidentiary facts, conclusions, or legal inferences, the court, in passing upon such a verdict and in rendering judgment thereon, must disregard such evidentiary facts, conclusions, and legal inferences, hence the overruling of the motion to strike out improper findings in a special verdict is not such error as will warrant a reversal of the judgment. Being improper, they neither add to nor take from the facts properly found, and if the verdict is sufficient without them they neither strengthen nor weaken it.

A special verdict, in order to be sufficient to sustain a judgment in favor of the party upon whom rests the burden of the issue, must find all the facts necessary to sustain such issue. *Waymire* v. *Lank*, 121 Ind. 1; *Town of Freedom* v. *Norris*, 128 Ind. 377; *Brazil Block Coal Co.* v. *Hoodlet*, 129 Ind. 327.

The special verdict returned by the jury in this case

Buscher *v.* The City of Lafayette.

probably contains conclusions, as well as legal infer-
ences, yet they do not vitiate it.    *Reeves* v. *Grottendick,*
131 Ind. 107, and cases cited.

The motion for a *venire de novo* was properly over-
ruled, unless the verdict was ambiguous, indefinite, or
wanting in form.    This verdict is not open to any of
these objections.

The third and fourth errors assigned may be considered
together, as they both call in question the correctness of
the courts ruling on the facts found.

The material facts found in the verdict, which we think
necessary to a determination of this case are, in sub-
stance, as follows:    That the appellee, on the 20th day
of September, 1888, and for a long time prior thereto,
was a municipal corporation, organized under the gen-
eral laws of the State of Indiana; that about sixty days
prior to said day a brick gutter had been constructed in
the sidewalk, on Salem street, an improved and gen-
erally used street in said city of Lafayette, in front of
the property of one Schuman, the gutter having been
built of brick, about eight inches long, four inches wide,
two inches thick, so laid that the bottom of the gutter
was from three and one-half to four inches wide, extend-
ing across the entire sidewalk; that bricks were placed
on end on each side of the bricks so laid for the bottom
of the gutter, at an angle of from twenty-six degrees at the
lot line to nineteen degrees at the curb line, thus forming
sides for the gutter, which was four and one-fourth inches
deep at the lot line, and two and one-half inches deep at
the curb line, and measured sixteen and one-half inches
across the top at the inner or fence line, and nineteen
and one-half inches at the outer or curb line, the top of
the gutter being on a level with the general surface of
the walk; that the gutter was so constructed that it did

not afford a firm foothold to one stepping into it; that on the night of said 20th day of September the appellant, in company with others, was walking along said sidewalk talking, and she stepped into said gutter and was thereby thrown down, and her ankle severely sprained and partially dislocated; that she had no knowledge of the condition of the sidewalk, or that there was a gutter there, and that she did not see it; that the night "was a bright, moonlight night, but occasionally the moon was obscured by the clouds"; that the appellant, at the time she was injured, was walking along the sidewalk "in a manner and way that an ordinarily prudent person would have done under like circumstances, and she had no knowledge of the condition of the sidewalk, or that there was a gutter there, nor was her attention attracted thereto, nor did she see said gutter before stepping into the same, and that she, at the time of receiving said injury, was walking along said sidewalk with ordinary and reasonable care, and without fault"; "that said sidewalk at said point, by reason of the existence of said gutter, so constructed as aforesaid, was in a reasonably safe condition for use in the customary and proper way, by persons exercising ordinary care;" that appellant, by reason of such injuries, was confined to her bed for three weeks, during which time she suffered great pain, and still suffers therefrom; that her nervous system was greatly shocked and she is sore and lame by reason thereof, but that she will probably recover.

A city is bound to maintain its streets and sidewalks in a reasonably safe condition for the use of persons travelling thereon.   *City of Lafayette* v. *Larson*, 73 Ind. 367; *City of Crawfordsville* v. *Smith*, 79 Ind. 308; *City of Washington* v. *Small*, 86 Ind. 462; *City of Michigan City* v. *Boeckling*, 122 Ind. 39; *City of Columbus* v. *Strassner*, 124 Ind. 482.

If a city permits a sidewalk to become out of repair, so that a pedestrian, without knowledge or the means of ascertaining its condition, be injured while using the same, without fault on his part, it is liable therefor. But while the city is bound to maintain its sidewalks in a reasonably safe condition for the use of reasonably prudent and careful persons, it is not required to see that its sidewalks are absolutely-perfect and safe, neither does it insure persons traveling thereon from injury. When it builds and maintains streets and sidewalks which are reasonably safe for use by persons exercising ordinary care, it has fulfilled its duty, and, if injury befall such persons, the city is not liable. It is impossible to construct a sidewalk absolutely free from defects and slight irregularities, inequalities, and obstructions. The law never exacts an impossible thing.

In the case of *City of Indianapolis* v. *Cook*, 99 Ind. 10, the court says: "There are slight inequalities in sidewalks and other trifling defects and obstructions against which one may possibly strike his foot and fall, but if injury might be avoided by the use of such care and caution as every reasonably prudent person ought to exercise for his own safety, the city would not be liable."

Actual notice on the part of the officials of a corporation, of the defective condition of a street or sidewalk, is not always necessary, for notice may be inferred, when the facts disclose the unsafe condition of the street to have existed for such a length of time that the officers might, with reasonable diligence, have known it. *City of Indianapolis* v. *Scott*, 72 Ind. 196; *City of Indianapolis* v. *Murphy*, 91 Ind. 382; *City of Aurora* v. *Bitner*, 100 Ind. 396; *City of Madison* v. *Baker*, 103 Ind. 41.

And pedestrians may presume that the city has done

its duty and has built and maintained sidewalks which are reasonably safe for use, but, at the same time, the pedestrian, in using the sidewalk, must exercise such care as an ordinarily prudent person ought to exercise in its use. Those using it must exercise such care in its use as is commensurate with the apparent danger to be encountered, and a less degree of care on their part is negligence. It is also well settled that persons going along a highway are bound to take notice of visible defects, and if they proceed and are injured they assume the risk to a degree commensurate with the care the law exacts from an ordinarily prudent person under like circumstances.

The jury found that the walk where the appellee was injured "was in a reasonably safe condition for use in the customary and proper way, by persons exercising ordinary care." Nothing more was required of the city, hence its duty to the public had been performed. A traveler traveling thereon has no right to use it other than in the customary and proper way in which persons exercising ordinary care would use it. There were no facts found by the jury, from which the court could infer that the appellee was negligent.

In arriving at this conclusion, we have not overlooked the finding that the gutter was so constructed as not to afford a firm foothold to one stepping into it "and was likely to cause one using said sidewalk at that point to fall." All the facts found must be considered together, and if they are not sufficient to warrant the court in inferring negligence as a matter of law, the judgment rendered thereon in favor of the appellee is right. The burden was upon the appellant to establish facts sufficient to warrant an inference of negligence on the part of appellee, and if the facts found point as strongly to-

ward its freedom from fault as toward its negligence, the appellant must fail.

There was no error in rendering judgment in favor of the appellee, upon the facts found.

Judgment affirmed.

Filed Jan. 30, 1894.