MARY McGOWAN *vs.* CITY OF BOSTON.

Suffolk.    November 17, 1897. — February 28, 1898.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Defective Sidewalk — Liability of City — Law and Fact.*

In an action against a city for personal injuries, sustained before St. 1896, c. 540, by falling upon smooth ice on a sidewalk, if the evidence tends to show that the condition of the sidewalk was caused by the discharge thereon, from a conductor on the outside of an adjoining building and within the limits of the highway, of water which froze on the sidewalk, and that the ice had been there for several days before the accident, the question whether the ice constituted a defect for which the city was liable is properly left to the jury.

TORT, for personal injuries occasioned to the plaintiff by an alleged defect in a highway in the defendant city.   At the trial in the Superior Court, before *Mason*, C. J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions. The facts appear in the opinion.

*J. T. Wheelwright,* for the defendant.

*M. J. Creed & J. P. Crosby,* for the plaintiff.

LATHROP, J.   The injury to the plaintiff occurred on March 4, 1896, and was caused by her slipping or falling on ice on the sidewalk of a street in the defendant city.   There was conflicting evidence as to the nature of the ice, the plaintiff's evidence tending to show that it was rough and uneven, and the defendant's evidence tending to show that at the place of the accident there was a patch of glassy, slippery, thin ice, and that except this patch the sidewalk was free from snow and ice.   There was also evidence which tended to show that at the place where the plaintiff fell there was a water conductor within the limits

of the highway and over the inside of the sidewalk which extended down the outside of the adjoining building, and which discharged water on to the sidewalk so that it ran across into the gutter ; that this conductor in this condition had existed for two or three years prior to the accident, and that in the winter time water coming from the conductor repeatedly froze on the sidewalk at that place, and that the ice in question was formed in that manner. There was also evidence that this ice had been there three or four days before the accident. There was no evidence to show that the sidewalk was not of a proper slope, or not properly constructed, except as above set forth.

On this state of the evidence, the jury were given full instructions covering the various aspects of the evidence, and among others this instruction : " If you find that, although the ice had not been roughened, was not irregular as claimed, but it was upon the sidewalk, smooth, dangerous to travel, and that its existence was not due to natural causes alone, but was due in whole or in part to the artificial structure, the conductor, that poured the water upon the sidewalk, it cannot be said to you, as matter of law, that it was not a defect, neither can it be said to you, as matter of law, that it was ; but it is a question of fact for you to say whether under all those circumstances it was a defect."

The jury returned a verdict for the plaintiff ; and the case comes before us on the defendant's exception to this ruling.

The case principally relied upon by the defendant is that of *Billings* v. *Worcester*, 102 Mass. 329, where water ran from a rain conductor outside the line of the street upon the pavement inside this line, and froze, forming a slippery place, and the city was held, by a divided court, not to be liable. This was put upon the ground that, under the Gen. Sts. c. 44, § 22, the liability of towns was a special and peculiar one ; that it was not based upon the rules of reasonable care, and, except in regard to notice, which required reasonable notice to the town if the defect had not existed for twenty-four hours, the liability of the town was not at all affected by the question of its diligence or notice ; and it was said of this rule, " It permits no excuse, not even 'the act of God or the public enemy.' " It was held that the statute did not apply to mere smooth ice, whatever its origin.

In *Stanton* v. *Springfield,* 12 Allen, 566, it was held that mere

smooth ice did not constitute a defect in a way, and it was said by Mr. Justice Hoar: " The formation of thin but slippery ice in our climate is an effect which may be so suddenly and extensively produced, and which may continue or be renewed for such a length of time, that it would be extremely difficult if not impossible for towns to make adequate provision against it." A previous decision of the court was explained in this way : " In *Hall* v. *Lowell*, 10 Cush. 260, two conductors from the roofs of two houses came together, and, by reason of their not being tight, let upon the sidewalk water that often froze there in the night, and continued for several weeks together. There was therefore a special cause for the formation of ice at the spot, against which the city might have guarded."

We have, however, no occasion to consider whether the case of *Billings* v. *Worcester* was correctly decided. While the general rule established by it was subsequently followed in *McAuley* v. *Boston*, 113 Mass. 503, towns were held liable for a defective slope covered with smooth ice, (*Pinkham* v. *Topsfield*, 104 Mass. 78,) and for a gutter running across the sidewalk. *Fitzgerald* v. *Woburn*, 109 Mass. 204. We assume, however, that while the General Statutes were in force the rule stated in *Billings* v. *Worcester* was the law of the Commonwealth. But §§ 1, 22, of the Gen. Sts. c. 44, were repealed by the St. of 1877, c. 234 ; and by §§ 1, 2, of the new statute towns and cities were required only to keep their ways reasonably safe, and the provision in regard to twenty-four hours was omitted. The provisions of the St. of 1877 were incorporated in the Pub. Sts. c. 52, §§ 1, 18, which were in force when the accident in this case happened.

In *Post* v. *Boston*, 141 Mass. 189, the distinction between the provisions of the General Statutes and those of the St. of 1877, c. 234, were clearly pointed out by Mr. Justice C. Allen, who, speaking of the latter statute, said : " In the first place, it did away with the absolute liability imposed on towns where the defect had existed for twenty-four hours, and exonerated them from liability in all cases where there had been no lack of proper diligence on their part. . . . And it substituted therefor a liability for an injury or damage received through a defect which might have been remedied, or an injury or damage which might have been prevented by reasonable care and diligence on the

part of the town, if such town had reasonable notice of the de-
fect, or might have had notice thereof by the exercise of proper
care and diligence on its part, although the defect had not ex-
isted for any particular length of time, and although the town
had no actual notice thereof." In that case a cesspool and its
cover in a highway were so constructed that, in a heavy rain,
the water which would ordinarily flow into the cesspool would
lift off the cover and leave a hole into which a person might fall,
and this liability to become defective was held to be a defect
under the Pub. Sts. c. 52, § 18, although a different rule was
established in a case under the General Statutes. *Monies* v.
*Lynn*, 124 Mass. 165, 171.

In *Blake* v. *Lowell*, 143 Mass. 296, where the defect was an
accumulation of ice and snow upon a sidewalk which had col-
lected in the vicinity of a conductor extending from the eaves
of a building abutting upon a sidewalk to a gutter across a side-
walk, the defendant requested a ruling that the origin of the ice
was not material on the question whether the ice constituted a
defect. It was found as a fact that the ice was a defect without
reference to its origin, and therefore the request of the defend-
ant became immaterial. It was, however, said by Mr. Justice
Devens, in delivering the opinion of the court: " We do not in-
tend to intimate that, even if material, the request should have
been granted, especially in view of the St. of 1877, c. 234, § 2
(Pub. Sts. c. 52, § 18)."

In *Adams* v. *Chicopee*, 147 Mass. 440, it was held that, if
smooth, level, and slippery ice is formed upon the surface of a
sidewalk, or in depressions therein, by reason of its improper
construction or of its condition, a defect may be found to exist
such as will render a town liable for an injury caused thereby.
It is said by Mr. Justice Knowlton, in delivering the opinion of
the court: " In the decision in *Billings* v. *Worcester*, 102 Mass.
329, there is nothing in conflict with this doctrine, although some
of the reasoning in the opinion seems to lead away from it; but
through the change in the law by the enactment of the St. of
1877, c. 234, that reasoning has become inapplicable to recent
cases." See *Olson* v. *Worcester*, 142 Mass. 536 ; *Stoddard* v.
*Winchester*, 157 Mass. 567, 573.

As the law was at the time of the accident, we are of opinion

that the cases we have cited show that it was the duty of the city to use reasonable care and diligence not only to remedy defects, but to guard against causes existing within the limits of the way which were likely to produce such defects. By the St. of 1892, c. 419, §§ 66, 136, 137, the city of Boston had full power to prevent water conductors on houses from discharging water upon sidewalks.

In *Hughes* v. *Lawrence,* 160 Mass. 474, and *Cronin* v. *Holyoke,* 162 Mass. 257, the water came from a point outside the limits of the way, and they have no application to the case before us.

*Exceptions overruled.**

---

* The St. of 1896, c. 540, which took effect on June 9, 1896, is as follows: " No city or town shall be liable for any injury or damage to person or property hereafter received or suffered in or upon any part of a highway, town way, causeway, or bridge, by reason or in consequence of ice or snow thereon, if the place at which the injury or damage was received or suffered was at the time of the accident otherwise reasonably safe and convenient for travellers." See *Newton* v. *Worcester,* 169 Mass. 516.