## CITY OF MUNCIE *v.* HEY.

[No. 20,520. Filed May 9, 1905.]

1. MUNICIPAL CORPORATIONS.—*Control of Streets and Sidewalks.*—*Liability.*—Municipal corporations have exclusive control of their streets and sidewalks, and are liable for injuries caused by their failure to exercise reasonable care to keep such streets and sidewalks in a safe condition. p. 573.

2. SAME.—*Ice Caused by Waterspout.*—*Nuisance.*—*Liability.*—The accumulation of ice from a waterspout which casts water on a sidewalk is a nuisance which it is the duty of the municipal corporation to abate, and, negligently failing therein, such corporation is liable. p. 573.

3. MUNICIPAL CORPORATIONS.—*Sidewalks.*—*Duty.*—The fact that a sidewalk was carefully constructed originally does not absolve a municipal corporation from liability, but it must exercise a continuing oversight to keep it free from defects and obstructions. p. 574.

4. NEGLIGENCE.— *Contributory.*— *Sidewalks.*— *Obstructions.*— *Knowledge.*—Plaintiff is not guilty of contributory negligence where she knew nothing of the obstruction of a sidewalk until when within a few feet of it, provided she used due care in attempting to pass the obstruction after knowledge of it. p. 575.

5. MUNICIPAL CORPORATIONS.—*Obstructions to Sidewalk.*—*Notice.*— To establish a municipal corporation's liability for negligence in permitting an obstruction to a sidewalk it is not necessary to prove actual knowledge of an officer of such corporation, but it is sufficient to prove that such obstruction has existed such a length of time that the corporation should have known of it. p. 575.

6. SAME.—*Obstruction to Sidewalk Caused by Officers of Corporation.* —*Notice.*—Where an obstruction is caused by the officers of a municipal corporation it is not necessary to show notice in order to establish such corporation's liability therefor. p. 576.

7. SAME. — *Obstruction to Sidewalk.* — *Orders of City Engineer.* — *Notice.*—Where a municipal corporation's civil engineer directed a property owner to erect a waterspout so as to run the water onto the sidewalk, such corporation is chargeable with notice that ice would be formed by reason thereof, which would make such sidewalk dangerous. p. 576.

8. TRIAL.—*Instructions Not Applicable to Case.*—*Refusal.*—The trial court should refuse to give an instruction, even though it contain a correct statement of the law, where it is not applicable to the facts. p. 577.

9. SAME.—*Instructions.*—*Refusal.*—*Special Interrogatories Negativing Facts Assumed in Instruction.*—Where defendant requestd an instruction that plaintiff can not recover if certain facts are found, and the special answers show that such assumed facts did not exist, a refusal to give such instruction is rendered harmless. p. 577.

10. NEGLIGENCE.— *Contributory.*— *Obstruction to Sidewalk.*— *Knowledge.*—Where plaintiff knows of the dangerous condition of a sidewalk, and attempts to pass when she is unable to see it and avoid it, she is guilty of contributory negligence. p. 578.

11. SAME.—*Obstruction to Sidewalk.*—*Knowledge.*—*Contributory Negligence.*—Where plaintiff without previous knowledge of a defect is suddenly confronted with an accumulation of ice on the sidewalk, she is not required to forego the use of the sidewalk. p. 578.

12. SAME.—*Knowledge of Danger.*—*Contributory Negligence.*—Knowledge that there is a dangerous defect in a highway does not alone make the plaintiff guilty of contributory negligence in using such highway, but she must use care proportionate to the known danger. p. 578.

13. TRIAL.—*Instruction Refused Covered by One Given.*—An instruction should be refused where the substance is included in an instruction given. p. 579.

14. MUNICIPAL CORPORATIONS.—*Duty as to Ice and Snow on Sidewalks.*—It is the continuing duty of a municipal corporation to prevent property owners from discharging waterspouts onto the sidewalk and thus causing dangerous accumulations of ice thereon. p. 579.

15. SAME.—*Removal and Prevention of Defects of Sidewalks.*—It is the continuing duty of a municipal corporation to remove defects from its sidewalks and to guard against causes which are likely to produce defects therein. p. 579.

From Delaware Circuit Court, *Joseph G. Leffler,* Judge.

Action by Lizzie Hey against the City of Muncie. From a judgment on a verdict for plaintiff, defendant appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Affirmed.*

*Frank Ellis* and *White & Young,* for appellant.
*George H. Koons,* for appellee.

MONTGOMERY, J.—This action was brought by appellee for a personal injury resulting from a fall caused by the alleged negligence of appellant in suffering ice to accumulate and remain upon one of its sidewalks, the ice being formed from water collected upon the roof of an adjoining building and cast upon the walk by an overhanging and projecting conductor. Appellant demurred unsuccessfully to the complaint for want of facts, and then answered by general denial. The cause was tried by a jury, and resulted in a general verdict for appellee, with which answers were returned to special interrogatories. Appellant's motion for judgment on the answers of the jury to interrogatories and motion for a new trial were both overruled, and judgment for $475 rendered upon the verdict.

The assignment of errors calls in question the rulings of the court upon the demurrer to the complaint, the motion for judgment upon the special findings of the jury, and the motion for a new trial.

The length of the complaint forbids its reproduction in this opinion, but, in addition to all the usual and essential formal parts, it charges, in substance, that for more than four months prior to the 10th day of February, 1902, appellant negligently permitted water collected upon the roof of an adjoining building to be carried by an overhanging and projecting conductor and poured upon a much-used sidewalk of one of the principal streets of the city, in such a way as to form a pool next to the building, which in freezing and thawing weather formed a sheet of ice six feet wide, extending across the sidewalk in an oval shape, five inches thick in the center and tapering to thin edges, thus making a dangerous obstruction to the use of the walk at that point; that such a body of ice had formed and remained upon said walk for five days prior to said date, of which appellant had both actual and constructive notice; that appellee was ignorant of such conditions, and was passing along said sidewalk in the daytime, and in the exercise of due care, when she slipped upon said ice, which was at the time hidden by a slight covering of snow, and fell and was injured.

1. Appellant insists that the complaint is insufficient, for the reason that it seeks to hold appellant liable for its failure to exercise a legislative power in the regulation of water conductors. We do not concur in this view of the pleading. Cities in this State have exclusive control over their streets and sidewalks, and are accordingly required to exercise reasonable care and diligence to keep them in safe condition for use by persons who exercise ordinary care. This is a continuing duty, and for any negligent omission or failure in its performance an action will lie for the resultant damages.

2. In this case the water was collected, confined in an artificial channel, and by means of a projecting conductor cast in a body upon the sidewalk, at a place where there was a depression which retained the water, so as to form

a pool with gradually expanding boundaries.   These facts clearly distinguish this case from those in which it is sought to hold cities liable for a failure to remove from their pavements snow, sleet and ice accumulated in a natural way. *McQueen* v. *City of Elkhart* (1896), 14 Ind. App. 671. The accumulation of water and ice in the manner shown in this case, so as to obstruct the free and safe use of the sidewalk, constituted a nuisance which it was the duty of the city to prevent or abate, and if it negligently failed to perform this duty, as charged, it ought to be and will be held liable for the natural consequences.   The complaint stated a cause of action, and appellant's demurrer thereto was properly overruled.   *Hughes* v. *City of Lawrence* (1894), 160 Mass. 474, 36 N. E. 485; *Ayres* v. *Village of Hammondsport* (1891), 130 N. Y. 665, 29 N. E. 265; *McDonnell* v. *City of Philadelphia* (1892), 12 Pa. Co. Ct. Rep. 672; *Scoville* v. *Salt Lake City* (1895), 11 Utah 60, 39 Pac. 481; *City of Cincinnati* v. *Grebner* (1904), 25 Ohio C. C. 700.

3.   In support of the assignment that the court erred in overruling appellant's motion for judgment upon the special answers of the jury notwithstanding the general verdict, it is urged that the answer to the fortieth interrogatory is in irreconcilable conflict with the general verdict.   This interrogatory and the answer to the same are as follows:   "Was the sidewalk constructed in a reasonably safe condition to be traveled?   A.   Yes."   The fact that the sidewalk was originally constructed in a reasonably safe condition for travel would not fulfil all the requirements of the law. The duty remained to exercise a continuing oversight to keep the walk in repair and free from obstructions.   The answers to the next two interrogatories showed that one of the stones with which the walk was paved at that point had settled so that its northeast corner was one inch lower and its northwest corner was one-half inch lower than the adjoining stone.   It was this condition of the pavement, in

connection with the discharge of roof water, that caused the accumulation of ice of which appellee complained.

4. Answers to other interrogatories tending to show that appellee might have walked around the ice which caused her fall, or gone over the opposite sidewalk, or along the roadway, which was paved with asphaltum, are urged upon our consideration to overthrow the general verdict. This is not a case, however, where the doctrine of choice of ways was applicable. It is shown by the special findings of the jury that appellee had no previous knowledge of the defect in this walk, or of the conditions which caused the accumulation of the ice, or of the existence of the ice itself, until within a few feet of it; and that she proceeded with due care, and did not, with knowledge, voluntarily encounter the danger which produced her injury. It is a well-settled principle that a pedestrain is not ordinarily required to forego the use of a sidewalk because of a known defect, but may proceed under the requirement that he use care commensurate with the known danger. Taking all the answers of the jury together, it can not be said that they are in this respect in conflict with the general verdict.

5. It appears from the answer to the seventy-ninth interrogatory that no officer of the appellant city knew of the existence of the ice upon which appellee was injured in time to have removed the same before such injury occurred. By this answer the jury manifestly intended only to find the absence of actual knowledge on the part of the city, and did not mean to contradict the general verdict by which, in effect, they said that appellant ought to have known, and by implication of law did know, of the dangerous condition of the walk in time to have repaired the same and avoided the injury. In the case of the *City of Ft. Wayne* v. *Patterson* (1891), 3 Ind. App. 34, 38, the court, in considering a similar matter, said: "It sufficiently appears from the finding that the city had no actual notice of the defect; but, indulging, as we must, all presumptions in favor of the gen-

eral verdict, it is not clearly incompatible with the special findings to suppose that there might have been evidence of the existence of the defect for such a length of time that, considering its character, the failure of the appellant to have knowledge of it would have been neglect of duty."

6. The jury found, in, answer to interrogatory number seventy-eight, that the ice on the sidewalk from which appellee received her injury was caused by the acts of appellant and its officers, and, by other answers, that this accumulation of ice had been on the walk for two or three days prior to the day of the accident. If, as specially found by the jury, the accumulation of ice complained of was caused by the acts of appellant's officers, then no notice was necessary. *Board, etc., v. Bacon* (1884), 96 Ind. 31; *City of Ft. Wayne v. Coombs* (1886), 107 Ind. 75, 57 Am. Rep. 82; *Board, etc., v. Pearson* (1889), 120 Ind. 426, 16 Am. St. 325; *City of Ft. Wayne v. Patterson, supra.*

7. If appellant's city civil engineer, while acting also as street commissioner, directed the property owner so to arrange this water conductor as to cast the collected water upon the sidewalk in the manner charged in the complaint, and by this record shown to exist, and that condition continued through the four months prior to February 10, 1902, upon which date appellee received her injury, then appellant was chargeable with knowledge of every fact which would naturally flow from this condition; and, as one of the natural and probable consequences, would be chargeable with knowledge that in case of rain or melting snow, followed by freezing weather, ice would be formed upon this walk in such a manner as to render its ordinary use dangerous. *Corbett v. City of Troy* (1889), 53 Hun 228; *Olson v. City of Worcester* (1886), 142 Mass. 536, 8 N. E. 441.

In the case last cited the court said: "If there are known causes in operation, likely to produce a defect in the way, the diligence required is greater than might be sufficient under other conditions. * * * In the case at bar the

defect was a ridge of ice extending over the sidewalk from the outlet of a water conductor upon a building adjacent to the sidewalk, which emptied its water upon the sidewalk, and which had been there for a long time. The conductor was likely to produce the defect complained of; and the court rightly ruled that the jury might take into consideration the existence of the conductor, in connection with the time the defect had existed, as bearing upon the question whether the city had notice, or might have had notice, of the defect by the exercise of proper care and diligence."

We find no conflict between the special findings and the general verdict of the jury, and it follows that the court properly overruled appellant's motion for judgment upon the answers of the jury to interrogatories.

The reasons assigned in the motion for a new trial and not waived are the court's refusal to give instruction numbered nine, tendered by appellant, and giving of its own motion instructions numbered six, ten and seventeen, and that the verdict of the jury is not sustained by sufficient evidence and is contrary to law.

8. The instruction tendered by appellant assumed the negligence of the city as charged, and then stated that if this condition of the sidewalk was known to appellee "before she attempted to walk over it, and she easily might have avoided passing over such dangerous place, then she was not using that reasonable care and prudence which the law requires, and she can not recover in this case." This instruction was not applicable to the case as shown by the evidence adduced. It appears without contradiction that prior to setting out upon her journey upon the day in question appellee had no knowledge of the accumulation of ice upon this sidewalk, or of the depression in the flagstone, or the projecting water conductor, and therefore the doctrine of choice of ways was not applicable.

9. The jury expressly find by their answer to interroga-

tory number sixty-two that appellee did not "walk onto and upon the ice on which she fell and received the injury sued for, after she had seen the shape and character of the same." In view of this finding, it would suffice to say that the refusal to give the instruction was harmless.

10.    The court's action was also in accord with the law. It is true that if a person, knowing of an obstruction in a highway, attempts to pass the place, when, in consequence of darkness, defective vision or other cause he is unable to see and avoid the obstruction, he is guilty of contributory negligence, and has no reason to complain of any injury which may result from the danger thus encountered. *President, etc.,* v. *Dusouchett* (1851), 2 Ind. 586, 54 Am. Dec. 467; *Bruker* v. *Town of Covington* (1879), 69 Ind. 33, 35 Am. Rep. 202; *City of Indianapolis* v. *Cook* (1884), 99 Ind. 10, 12; *Town of Gosport* v. *Evans* (1887), 112 Ind. 133, 137, 2 Am. St. 164; *City of Bedford* v. *Neal* (1896), 143 Ind. 425, 429; *Sale* v. *Aurora, etc., Turnpike Co.* (1897), 147 Ind. 324, and cases cited.

11.    That principle does not govern the case under consideration. Appellee was possessed of good eyesight, and was traveling in the daytime along a way which she had a right to assume was in a reasonably safe condition for travel, when she was suddenly confronted with an accumulation of ice, the exact character of which she could not determine. Under these circumstances she was not required to forego the use of the walk. *City of Huntington* v. *Breen* (1881), 77 Ind. 29, 34; *Town of Albion* v. *Hetrick* (1883), 90 Ind. 545, 46 Am. Rep. 230.

12.    Knowledge that there is a defect in a highway making it dangerous to attempt to travel upon it does not of itself make it negligence to use the highway carefully and cautiously. Knowledge of the existence of a dangerous place does, however, make it incumbent upon the traveler to use care and caution proportionate to the danger which he knows lies in his way. *City of Indianapolis* v. *Cook, supra;*

*Vance* v. *City of Franklin* (1892), 4 Ind. App. 515, 521; *Buscher* v. *City of LaFayette* (1894), 8 Ind. App. 590, 596; *City of Frankfort* v. *Coleman* (1898), 19 Ind. App. 368, 373, 65 Am. St. 412; *City of Kokomo* v. *Boring* (1900), 24 Ind. App. 552.

13. There was no error in refusing to give the ninth instruction requested by appellant. Furthermore, the subject-matter of said instruction was embodied in others given by the court containing correct statements of the law applicable to the evidence.

14. The sixth instruction given by the court, and objected to by appellant, was as follows: "The court instructs the jury that municipal corporations owe the duty to the public of preventing the accumulation of ice from house conductors or leaders overhanging or near a sidewalk." This instruction contained a correct enunciation of a legal principle, applicable to this case. A continuing duty rests upon municipalities of this State to guard their sidewalks from encroachments of every character that impede travel or endanger the safety of persons in the ordinary use of the same.

15. The tenth instruction given, and of which complaint is made, declared it to be the law that a city must not only use reasonable care to remedy defects, but also to guard against causes existing within the limits of sidewalks which are likely to produce defects therein; and, further, that a city has power to prevent water conductors from discharging water upon sidewalks. No tenable objection is offered to this instruction. It was properly given. *Keith* v. *City of Brockton* (1883), 136 Mass. 119.

The seventeenth instruction was lengthy, but proceeded upon the theory of appellee as embodied in her complaint, and no valid objection can be urged against it. *McGowan* v. *City of Boston* (1898), 170 Mass. 384, 49 N. E. 633; *Allison* v. *Village of Middletown* (1886), 101 N. Y. 667, 5 N. E. 334.

The evidence clearly established all the material allega-

tions of the complaint, and sustained the verdict of the jury. It follows that there was no error in overruling appellant's motion for a new trial.

No error having been made to appear, the judgment is affirmed.