## ESTHER J. JOHNSON v. CITY OF REDWOOD FALLS AND ANOTHER.[1]

December 16, 1938.

No. 31,736.

A. C. Dolliff and Lauerman & Pfeiffer, for appellant.
Leon H. Brown, for respondent City of Redwood Falls.
A. R. English, for respondent H. D. Thorpe.

[1]Reported in 282 N. W. 693.

HOLT, JUSTICE.

Shortly after noon on December 11, 1936, plaintiff, Esther J. Johnson, slipped and fell, breaking her leg, on a patch of ice 12 by 8 inches which had formed on the clear sidewalk in front of defendant Thorpe's store, on one of the main business streets of the city of Redwood Falls. It was alleged that the patch of ice was permitted through the negligence of defendants. A companion case brought by the husband of plaintiff Esther J. Johnson, for consequential damages sustained because of his wife's injury, was tried at the same time. No further reference to the husband's case will be made. Verdicts were rendered for defendants.

The evidence is uncontradicted that the sidewalk in question in front of Thorpe's store was free from snow and ice at 11 o'clock in the forenoon of the day of the accident. Mr. Thorpe clearly testified to there being an oval patch of ice about 12 inches long by 8 inches wide at the southwest corner of the store, where plaintiff had fallen, and he immediately upon learning of the mishap threw some salt on it. There is no evidence of the presence of ice on the sidewalk in the forenoon, so it was formed in the afternoon. It is obvious that, such being the testimony, the city was entitled to a directed verdict (Mesberg v. City of Duluth, 191 Minn. 393, 254 N. W. 597). There is no evidence of ice or snow being allowed to remain for any length of time on the sidewalk abutting Thorpe's store. It was a clear, cold day, with the temperature ranging from 10 degrees below to 22 degrees above; the day before it was from zero to 17 degrees above; and on the 9th, when about two inches of snow fell, the temperature ranged from 12 degrees above to 20 degrees above.

As against Thorpe the claim was that on his store he negligently maintained a gutter that discharged water and melting snow on the sidewalk which caused the offending patch of ice. The facts are these: The store is two stories. It fronts south and is 20 feet wide. On its west side is a street and sidewalk adjacent to the west wall. Thorpe lives upstairs over the store. The photographs introduced in evidence disclose an attractive building from the front view. On each corner a brick pilaster about two feet wide extends out from the wall about four inches, or rather the wall proper is set

in four inches from the building line. There is the usual cloth awning for a store with a south exposure. Just above where the awning is fastened to the building, where the first story ends and the second begins, is a metal canopy, 14 inches wide, but set at an angle or curved so that it extends only 10 inches over the base line of the building. This canopy protects the awning when raised from rain and snow. Whether for ornament or use, the outer edge of this canopy has a so-called gutter $1\frac{1}{2}$ inches wide and about $\frac{3}{4}$ of an inch deep. The canopy is two feet shorter than the width of the building. The only testimony that connects this canopy with the patch of ice referred to comes from Mr. Thorpe, who stated that after the mishap he examined the awning and canopy and found some moisture upon the awning, and from appearances concluded that the ice patch came from the west end of the canopy gutter. There is no evidence other than that mentioned that ice ever formed on the sidewalk from melting snow upon the canopy. The snow that would find lodgment upon that sloping narrow ledge would be in such small quantity that no one could anticipate its melting so as to form any dangerous ice patches on the sidewalk. Surely as constructed a jury could not be permitted to find this canopy a nuisance or obstruction to the free and safe use of the sidewalk. Awnings on stores facing south are deemed almost a necessity, and this canopy is no more than a protection for the awning, when raised, from snow and rain. Plaintiff cites only two cases, City of Muncie v. Hey, 164 Ind. 570, 74 N. E. 250; Walsh v. City of New York, 109 App. Div. 541, 96 N. Y. S. 540, in neither of which the abutting occupant was charged with negligence. In the Indiana case the city was held liable for ice on the sidewalk formed from rain or snow falling on the roof of a building and conducted so as to flow on the sidewalk. The evidence showed that the condition mentioned had existed for many months. In the New York case a leaky fire hydrant was responsible for the ice, and its leaky condition had also existed for many months.

We deem the record barren of anything upon which to base a finding that the ice patch upon which plaintiff Esther J. Johnson slipped was caused by any negligent act or omission of defendant

118

Thorpe. Hence he was entitled to the directed verdict he requested. That being our conclusion, errors in the charge to the jury, if any there were, become moot.

The orders are affirmed.